Francis J. "Casey" Flynn, Jr.
CA State Bar No. 304712
LAW OFFICE OF FRANCIS J. FLYNN, JR.
422 South Curson Avenue
Los Angeles, California 90036
Tele: 314-662-2836
Email: casey@lawofficeflynn.com

James J. Rosemergy (*pro hac vice forthcoming*)
CAREY, DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tele: 314-725-7700
Direct: 314-678-1064
Fax: 314-721-0905
jrosemergy@careydanis.com

Steven A. Schwartz (*pro hac vice forthcoming*)
Zachary P. Beatty (*pro hac vice forthcoming*)
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
361 W. Lancaster Ave.
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
steveschwartz@chimicles.com
ZPB@chimicles.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LONA'S LIL EATS, LLC, on its own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | Case No.: 20-cv-6703<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**1. FALSE ADVERTISING (Lanham Act § 43(a) (15 U.S.C. § 1125(a)))**<br><br>**2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW (California Business & Professions** |

1

) Code §§ 17500, *et seq.*)
)
) **3. VIOLATION OF CALIFORNIA**
) **UNFAIR COMPETITION LAW**
) **(California Business & Professions**
) **Code §§ 17200, *et seq.*)**
)

1. This matter stems from Defendant DoorDash, Inc.'s ("DoorDash") unfair, deceptive, and anticompetitive practice regarding the manner in which it displays information about businesses with whom it does not have an agreement to provide service.

2. Defendant is in the business of facilitating delivery services for restaurants via its websites and mobile apps. After a customer places an order for food from a restaurant using Defendant's service, Defendant will engage someone from their network of drivers to go to the restaurant, pick it up, and deliver it to the consumer.

3. Defendant has engaged in a pattern of behavior whereby customers are deceptively steered away from restaurants with whom DoorDash does not have a relationship by Doordash's practice of affirmatively representing to consumers that those restaurants are closed, cannot deliver to them, or are not accepting orders at the time.

## PARTIES

4. Plaintiff Lona's Lil Eats, LLC ("Lona's) is a Missouri limited liability company that maintains its principal place of business in St. Louis City, Missouri.

5. Defendant DoorDash, Inc. ("DoorDash" or "Defendant") is a Delaware corporation with its principal place of business located at 303 2nd Street, South Tower, Ste 800, San Francisco, CA 94107. Defendant is in in the business of facilitating delivery services for restaurants.

## JURISDICTION

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this cause of action arises under certain federal statutes, in particular the Lanham Act, 15 U.S.C. § 1125(a). This Court also has supplemental jurisdiction over the state law claims arising out of the same conduct that forms the case and controversy at issue pursuant to 28 U.S.C.

§ 1367.

**INTRADISTRICT ASSIGNMENT**

7. Defendant maintains its headquarters at 303 2nd Street, South Tower, Ste 800, San Francisco, CA 94107 and a substantial portion of the conduct at issue originated at that location, which is in the San Francisco division of this Court.

**VENUE**

8. Venue is proper in this district in that Defendant maintains its headquarters in this District, and upon information and belief, the decision-making that led to the conduct at issue in this litigation occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. DoorDash has relationships with certain restaurants around the country ("Partner Restaurants") where DoorDash will take online orders from consumers using DoorDash's websites and/or mobile apps which are then relayed on to the Partner Restaurants, and then DoorDash's drivers will pick up the orders and deliver them to the consumers. Upon information and belief, DoorDash collects payments for these orders, and then Partner Restaurants have various commissions and related fees held back from funds collected from orders in payment to DoorDash for the services that it provides.

10. DoorDash has developed significant market power, particularly as a result of the Covid-19 pandemic. With many restaurants unable or unwilling to offer dine-in services, many consumers have turned to DoorDash to have restaurant food delivered in lieu of eating out.

11. The market power is such that restaurants are put in a difficult situation: they can become Partner Restaurants and pay exorbitant fees and commissions to Defendant, or they decline to do so and risk losing out on sales.

12. This already difficult choice is made far more difficult, however, because DoorDash publishes false and misleading information about restaurants that are not Partner Restaurants.

13. For example, Plaintiff is not a Partner Restaurant with DoorDash. Nevertheless, if a consumer were to search for "Lona's Lil Eats delivery"—as a result of DoorDash's market power and internet marketing strategies—then one of the first results that comes up is a link for Plaintiff's restaurant on a DoorDash's website (referred to as a "landing page"). Clicking through the link will bring a consumer to a page with DoorDash branding and the complete menu, as if it were possible to place an order through the site:[1]



14. DoorDash's site will let you go through the process of placing an order, including the opportunity to customize your order, adding credibility to the idea that Lona's has partnered with DoorDash and that placing an order is possible in the abstract:

---

[1] Images herein reflect DoorDash websites as of August 18, 2020.





15. The order, however, cannot be completed, because no matter what the user's proximity to Lona's may be, the site will say that it is "unavailable" on account of being "out of the delivery area" and "too far."



16. Of note, the address selected for the purpose of this demonstration is directly across the street from Lona's and even reflects on DoorDash's site that it is only 200 feet away:



17. The problem is not, in fact, that the delivery address is too far away, the problem is

that Lona's has not agreed to pay DoorDash's exorbitant fees. A consumer can change his or her address over and over again, but it will never become available for delivery because Lona's is not a Partner Restaurant.

18. In other instances in the past, DoorDash would represent to customers looking for Lona's that the restaurant was "Closed."

19. DoorDash takes advantage of the existing market demand for Lona's and other restaurants to drive traffic to its site, at which time it will redirect customers to other Partner Restaurants by suggesting that Lona's is not an option.

20. In fact, Lona's provides curb-side service, and, therefore, it is an option. DoorDash's representations that Lona's is too far away for delivery or closed are not true.

21. Accordingly, DoorDash is publishing false and deceptive information about the ability to get food from Lona's as a means of punishing it for not partnering with it, and/or pressuring it to partner with it, and to redirect would-be Lona's business to its Partner Restaurants. Defendant's conduct has an obvious, significant, and unfair impact upon the competitive landscape within the restaurant industry and results in damage to Plaintiff and members of the Class.

22. DoorDash has engaged in the same behavior with respect to other restaurants who decide against becoming DoorDash Partner Restaurants.

23. This behavior is particularly troubling in the context of the Covid-19 pandemic. At a time when many restaurants—and in particular locally owned restaurants (as opposed to national chains)—are struggling to stay open and have been forced to radically change their business model to survive, DoorDash is engaged in predatory, deceptive, and anticompetitive behavior that takes unfair advantage of their market position.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action and seeks to certify and maintain it as a class action under Fed. R. Civ. P. 23, individually and on behalf of the following Class:

All restaurants, entities, and/or individuals with any ownership interest in such restaurants or entities, in the United States who do not do business with Defendant DoorDash but who nevertheless have a landing page on a DoorDash website and/or within its mobile app.

Excluded from the Class are: (a) Defendant and any entities in which Defendant has a controlling interest; (b) Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant; (c) All current employees of Defendant; (d) The Judge(s) to whom this case or any transferred case is assigned and any member of the Judges' immediate family and any other judicial officer assigned to this case or any transferred case; (f) All governmental entities; and (g) anyone who makes a timely election to be excluded from the Class.

25. Plaintiff reserves the right to modify or amend the definitions of the proposed Class and/or to add Subclasses if necessary before the Court determines whether certification is appropriate and as the Court may otherwise allow.

26. This case is properly brought as a class action under Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and (c)(4), and all requirements therein are met for the reasons set forth herein.

27. The claims of all Class members derive directly from a single course of conduct by the Defendant. Defendant has engaged and continues to engage in uniform and standardized conduct toward the Class members. Defendant does not differentiate, in degree of care or candor, in its actions or inactions, or the content of its statements or omissions, among individual Class members. Accordingly, Plaintiff brings this lawsuit as a class action on Plaintiff's own behalf and on behalf of all other restaurants, entities, and individuals similarly situated pursuant under Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these provisions.

28. Certification of Plaintiff's claims is appropriate because Plaintiff can prove the elements of Plaintiff's claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

29. **Numerosity - Fed. R. Civ. P. 23(a)(1).** The Class is so numerous that joinder of all members is impracticable. While the exact number is not known at this time, it is generally

ascertainable by appropriate discovery, and it is believed the Class includes many thousands of members. The numerosity requirement is, therefore, satisfied. Undoubtedly, individual joinder in this case is impracticable. More than one thousand Class members is sufficient to satisfy numerosity under Fed. R. Civ. P. 23(a)(1).

30. **Ascertainability.** The Class is ascertainable because its members can be readily identified using business records, and other information kept by Defendant in the usual course of business and within its control or Plaintiff and the Class themselves. Plaintiff anticipates providing appropriate notice to the Class to be approved by the Court after class certification, or pursuant to court order.

31. **Commonality and Predominance - Fed. R. Civ. P. 23(a)(2) and (b)(3).** There are several questions of law and fact common to the claims of Plaintiff and the members of the Class. All of the members of the Class' claims are based upon the same facts and circumstances. Fed. R. Civ. P. 23(a)(3). The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class. The resolution of common questions in this case will resolve the claims of both Plaintiff and the Class. Common questions include, but are not limited to, the following:

    a. Whether Defendant unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly misrepresented the status of operations for members of the Class;

    b. Whether Defendant targeted customers of Class members and unfairly, unethically, unlawfully, falsely, fraudulently, deceptively, misleadingly, unconscionably, and/or confusingly redirected them to Partner Restaurants;

    c. Whether Defendant otherwise engaged in unfair, unlawful, fraudulent, unethical, unconscionable, and/or deceptive trade practices;

    d. Whether Defendant had a duty to provide accurate information about Class members' operations;

  e. Whether Defendant violated the applicable statutes identified herein;

  f. Whether Defendant concealed material facts in its advertising materials and/or failed to adequately disclose material facts;

  g. Whether Plaintiff and the Class are entitled to actual, compensatory, nominal, statutory, and/or punitive damages;

  h. Whether Plaintiff and the Class are entitled to injunctive, declaratory relief, or other equitable relief; and

  i. Whether Plaintiff and the Class are entitled to reasonable attorneys' fees and costs.

32. **Typicality - Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of the Class. The claims of the Plaintiff and the respective Class are based on the same legal theories and arise from the same unlawful and willful conduct of Defendant, resulting in the same injury to the Plaintiff and the respective Class. Plaintiff and all members of the Class are similarly affected by Defendant's wrongful conduct and were damaged in the same way. Plaintiff's interests coincide with, and are not antagonistic to, those of the other Class members. Plaintiff has been damaged by the same wrongdoing set forth in this Complaint.

33. **Adequacy - Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate Class representative because Plaintiff has retained counsel competent and experienced in complex class action litigation; neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class; Plaintiff is knowledgeable about the subject matter of this action and will assist counsel to vigorously prosecute this litigation and has or can acquire adequate financial resources to assure that the interests of the Class will not be harmed. The interests of the members of Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel. As such, Plaintiff meets the adequacy requirement.

34. **Superiority - Fed. R. Civ. P. 23(b)(3).** The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each

member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Even if members of the Class themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many actions, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

35. **Policies Generally Applicable to the Class - Fed. R. Civ. P. 23(b)(2)**. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36. **Injunctive and Declaratory Relief is Appropriate - Fed. R. Civ. P. 23(b)(1)**. Defendant has acted, or refused to act on, grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

37. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class.

38. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

39. **Certification of Particular Issues. Fed. R. Civ. P. 23(c)(4).** Issue certification is also appropriate with respect to any or all of the common issues identified herein.

## COUNT I

## FALSE ADVERTISING

## (Lanham Act § 43(a) (15 U.S.C. § 1125(a)))

40. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

41. Defendant's conduct as set forth herein significantly impacts interstate commerce and commerce within this district.

42. As described more fully herein, Defendant has engaged in a course of conduct with respect to the advertising of its services and the services of restaurants that contains false and/or misleading statements of fact, or omissions of critical facts, including those of Plaintiff and members of the Class.

43. These false and/or misleading statements, or omissions of material facts, include the following:

   a. Suggesting in its advertising that Defendant has a business relationship with Plaintiff and members of the Class and that it is authorized to provide information regarding their services when in fact no such authorization exists;

   b. Providing false and/or misleading information about the operating status of restaurants, including whether it is open, whether food can be delivered from that restaurant, and whether other services are available from those establishments.

   c. Failing to advise consumers that restaurants are in fact open and delivery from restaurants may be available through other services or means.

44. The false and misleading statements and omissions described herein are material, are intended to have an impact on whether consumers order delivery service from one of Defendant's Partner Restaurants as opposed to ordering delivery service from members of the

Class, and do in fact have such an impact.

45. The false and misleading statements and omissions described herein actually deceive or have the tendency to deceive customers of Plaintiff and the Class and has steered delivery orders away from those restaurants.

46. Indeed, Defendant's conduct results in both short term and longer term damage to Plaintiff and members of the Class in that consumers are led to believe that they are not operating at all, or that they do not provide delivery service, such that not only do they miss out on orders in the short term, they are less likely to attempt to order from them in the future, since they are represented to be closed or not available.

47. Given the COVID-19 crisis, the short-term damage to restaurants caused by DoorDash's conduct has the potential to be so great as to result in the closing or bankruptcy of restaurants.

48. Defendant's conduct as described herein constitutes a violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

49. As a direct and proximate result of Defendant's violation and false and misleading statements and omissions described herein, pursuant to 15 U.S.C. §1117, Plaintiff and the Class have sustained monetary damages. Plaintiff and the Class are likewise entitled to recover from Defendant all profits, gains and advantages obtained stemming from this improper conduct.

50. As a direct and proximate result of Defendant's violation and false and misleading statements and omissions described herein, Plaintiff and the class have additionally sustained other irreparable injury, including loss of market position, loss of reputation, loss of goodwill, the ability to continue as a going concern, and other damage for which there is no adequate remedy at law. Accordingly, Plaintiff and the Class are entitled to equitable relief enjoining Defendant from engaging in the conduct described herein, and other similarly deceptive, anticompetitive, and improper conduct, and mandating the cessation and reversal of all existing false advertising.

51. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this

action. Defendant's conduct was intentional, characterized by an evil motive, and with the design of deceiving the general public to unfairly reap profits at the expense of Plaintiff and the Class, entitling Plaintiff to a statutory multiplier of actual damages, additional damages and reasonable attorneys' fees and costs.

## COUNT II

## VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

**(California Business & Professions Code §§ 17500, *et seq.*)**

52. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

53. Cal. Bus. & Prof. Code § 17500 provides:

> It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise,. . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

54. Defendant caused to be made or disseminated throughout the United States, through advertising, marketing and other publications, statements, including statements included in its general advertising and on its website that falsified information about Plaintiff and the Class, and omitted material information from consumers and members of the Class.

55. Defendant knew or should have known through the exercise of reasonable care that the omitted information was material to consumers.

56. Defendant has violated Cal. Bus. & Prof. Code § 17500 because its omissions regarding the operations of Plaintiff and members of the Class were material and likely to deceive a reasonable consumer.

57. Plaintiff and the other Class members have suffered an injury in fact, including the

loss of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices. Consumers relied on the representations by Defendant from which Defendant omitted material information as described herein, which in turn resulted in damage to Plaintiff and the Class. Had consumers been aware of the omitted information, they would have altered their purchasing behavior.

58. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, in the state of California and elsewhere.

59. Plaintiff, individually and on behalf of the other Class members, request that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the other Class members any money Defendant acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

60. Plaintiff and the Class are also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## COUNT III

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

**(California Business & Professions Code §§ 17200, *et seq*.)**

61. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

62. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. The Act also provides for injunctive relief, restitution, and disgorgement of profits for violations.

63. Defendant's unlawful, unfair, and/or fraudulent business acts and practices, as described herein, were and are in violation of the UCL. Defendant's conduct violates the UCL in

the following ways:

    a. By knowingly and intentionally concealing material information concerning the true nature of Plaintiff's services and operations;

    b. By violating other California laws, including Cal. Bus. & Prof. Code § 17500, *et seq*.; and,

    c. By violating Lanham Act § 43(a) (15 U.S.C. § 1125(a).

64. Defendant's omissions alleged herein caused Plaintiff and the other Class members to suffer damage to their business operations in that consumers seeking their products were instead improperly steered to other Partner Restaurants and did business with them instead, both in the immediate term, and thereafter.

65. Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweigh its benefits.

66. Accordingly, Plaintiff and the Class members have suffered injury in fact, including lost money or property as a result of Defendant's unlawful, unfair, and fraudulent business acts.

67. In the alternative, to the extent that it is determined that damages are not calculable, Plaintiff requests injunctive relief prohibiting DoorDash from engaging in the conduct and practices alleged herein.

68. Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Defendant, under Cal. Bus. & Prof. Code § 17200.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for judgment as follows:

A. For an order certifying the proposed class, appointing Plaintiff and Plaintiff's counsel to represent the proposed Class, appointing the undersigned counsel for Plaintiff as Lead Counsel for the Class;

B. An order awarding declaratory relief finding the unlawful, deceptive, fraudulent, and/or unfair business practices alleged in this Complaint to be unlawful and improper;

C. Appropriate equitable relief;

D. An order awarding restitution, disgorgement, actual damages, statutory damages, exemplary damages, and punitive damages under applicable law, and compensatory damages for economic loss, diminished value, and out-of-pocket costs in an amount to be determined at trial;

E. In the alternative, to the extent that it is determined that damages are not calculable, Plaintiff requests equitable and injunctive relief prohibiting DoorDash from engaging in the conduct and practices alleged herein.

F. A declaration that Defendant is financially responsible for all Class notice and the administration of Class relief;

G. An order awarding any applicable statutory and civil penalties;

H. An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

I. An award of costs, expenses, and attorneys' fees as permitted by law; and

J. Such other or further relief as the Court may deem appropriate, just, and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all claims so triable.

Respectfully submitted,

Dated: September 24, 2020        By:    /s/ Francis J. "Casey" Flynn, Jr.
Francis J. "Casey" Flynn, Jr.
CA State Bar No. 304712
LAW OFFICE OF FRANCIS J. FLYNN, JR.
422 South Curson Avenue
Los Angeles, California 90036
Tele: 314-662-2836
Email: casey@lawofficeflynn.com

James J. Rosemergy (*pro hac vice* forthcoming)
CAREY, DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tele: 314-725-7700

Direct: 314-678-1064
Fax: 314-721-0905
jrosemergy@careydanis.com

CHIMICLES SCHWARTZ KRINER
  & DONALDSON-SMITH LLP

Steven A. Schwartz (*pro hac vice* forthcoming)
Zachary P. Beatty (*pro hac vice* forthcoming)
361 W. Lancaster Ave.
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
steveschwartz@chimicles.com
ZPB@chimicles.com

**ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS**