Ruby H. Kazi (CA 243872)
Lily A. North (CA 260709)
Benesch, Friedlander, Coplan & Aronoff LLP
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone:   628.600.2250
Facsimile:    628.221.5828
rkazi@beneschlaw.com
lnorth@beneschlaw.com

Emily N. Dillingham (*pro hac vice*)
Lauren C. Tortorella (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
edillingham@beneschlaw.com
ltortorella@beneschlaw.com

Counsel for Defendant DOORDASH, INC.

# IN THE UNITED STATE DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONA'S LITTLE EATS, LLC, on its own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DOORDASH, INC.,<br><br>    Defendant. | Case No. 3:20-cv-6703-TSH<br><br>**NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS** |

## NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Thomas S. Hixson, United States Magistrate Judge, located at San Francisco Courthouse Courtroom G, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant DoorDash, Inc. ("DoorDash") will and hereby does move for an order dismissing all claims alleged in Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Through this motion, and for the reasons set forth in the attached Memorandum of Points and Authorities, DoorDash respectfully requests that this Court dismiss the Complaint in its entirety and with prejudice.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the records and files in this action, and any other matter the Court may consider.

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 1

LEGAL STANDARD .......................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

I.   PLAINTIFF FAILS TO STATE A LANHAM ACT CLAIM ...................................... 4

   A.   Plaintiff Has Not Pled a False Statement ........................................................ 4

   B.   DoorDash Did Not Make the Alleged Statements Within a Commercial
      Advertisement .................................................................................................... 6

      1.   DoorDash's Checkout Page is not "Commercial Speech" ..................... 6

      2.   DoorDash Is Not In Competition With Plaintiff .................................... 7

      3.   DoorDash Did Not Make the Alleged Statements to Influence
         Consumers to Buy Its Product .............................................................. 7

   C.   Plaintiff Did Not Adequately Allege That DoorDash's Purported Statements
      Actually Deceived Or Had a Tendency to Deceive Customers ......................... 9

   D.   Plaintiff Has Not Sufficiently Alleged Injury ................................................. 9

II.  PLAINTIFF'S FAL CLAIM FAILS .......................................................................... 10

   A.   Plaintiff's FAL Claim Fails Because Its Lanham Act Claim Fails ................. 11

   B.   Plaintiff Lacks Standing to Bring a FAL Claim ............................................ 11

   C.   Plaintiff Has Not Adequately Pled a Claim under the FAL ............................ 12

      1.   Plaintiff has not adequately pled an "untrue or misleading" statement. .............. 12

      2.   DoorDash's statements do not constitute "publicly disseminated
         advertising." ........................................................................................ 13

      3.   Plaintiff has failed to allege it actually relied on DoorDash's purported
         statements to its detriment. .................................................................. 14

      4.   Plaintiff has not sufficiently pled injury. ............................................ 14

III. PLAINTIFF'S UCL CLAIM FAILS .......................................................................... 15

   A.   Plaintiff's UCL Claim Fails Because Its Lanham Act Claim Fails ................. 15

B.     Plaintiff Lacks Standing to Bring a UCL Claim ................................................ 16

C.     Plaintiff Has Not Adequately Pled a UCL Claim ............................................ 17

     1.     Plaintiff Has Not Alleged that DoorDash's Statements Were "Unlawful" ..................................................................................... 17

     2.     Plaintiff Has Not Alleged That DoorDash's Conduct was "Unfair" ................... 18

     3.     Plaintiff Has Not Sufficiently Pled that DoorDash's Statements Were "Fraudulent" ................................................................................. 18

IV.     PLAINTIFF CANNOT SEEK INJUNCTIVE RELIEF ................................................ 19

CONCLUSION ................................................................................................................ 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC,*
356 F. Supp. 3d 889 (N.D. Cal. 2018), aff'd, 778 F. App'x 966 (Fed. Cir. 2019) .............................15

*Alfasigma USA, Inc. v. First Databank, Inc.,*
398 F. Supp. 3d 578 (N.D. Cal. 2019) ....................................................................................8

*AlterG, Inc. v. Boost Treadmills LLC,*
388 F. Supp. 3d 1133 (N.D. Cal. 2019) .............................................................................5, 18

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...........................................................................................................1, 3

*Beasley v. Lucky Stores, Inc.,*
400 F. Supp. 3d 942 (N.D. Cal. 2019) ............................................................................ 13-14

*Bernard v. Donat,*
2012 WL 525533 (N.D. Cal. Feb. 16, 2012) ........................................................................7

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983).............................................................................................................19

*Cleary v. News Corp.,*
30 F.3d 1255 (9th Cir. 1994) ............................................................................................15

*Clorox Co. v. Reckitt Benckiser Grp. PLC,*
398 F. Supp. 3d 623 (N.D. Cal. 2019) ...................................................... 11-12, 14, 17-18

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,*
173 F.3d 725 (9th Cir. 1999) ............................................................................................6, 8

*Davidson v. Kimberly-Clark Corp.,*
873 F.3d 1103 (9th Cir. 2017), *as amended on denial of reh'g en banc*, 889 F.3d 956
(9th Cir. 2018)...............................................................................................................4-5, 19

*Deitz v. Comcast Corp.,*
2006 WL 3782903 (N.D. Cal. Dec. 21, 2006) ....................................................................19

*Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.,*
84 F.3d 1143 (9th Cir. 1996) ............................................................................................11

*DNA Sports Performance Lab, Inc. v. Major League Baseball,*
2020 WL 4430793 (N.D. Cal. Aug. 1, 2020) ......................................................................10

*Erickson v. Pardus*,
    551 U.S. 89 (2007)................................................................................................................1

*Experian Information Solutions, Inc. v. Lifelock, Inc.*,
    633 F. Supp. 2d 1104 (C.D. Cal. 2009) .........................................................................17

*Factory Direct Wholesale, LLC v. iTouchless Housewares & Products, Inc.*,
    411 F. Supp. 3d 905 (N.D. Cal. 2019) ............................................................................4

*Fareed Sephery-Fard v. Santa Clara Court*,
    2018 WL 6025606 (N.D. Cal. Nov. 16, 2018) ...............................................................3

*Halicki v. United Artists Comms., Inc.*,
    812 F.2d 1213 (9th Cir. 1987) .........................................................................................7

*Heartland Payment Systems, Inc. v. Mercury Payment Systems, LLC*,
    2016 WL 304764 (N.D. Cal. Jan. 26, 2016) ..........................................................3, 16

*Hodgers-Durgin v. de la Vina*,
    199 F.3d 1037 (9th Cir. 1999) .......................................................................................20

*Homeland Housewares, LLC v. Euro-Pro Operating LLC*,
    2014 WL 6892141 (C.D. Cal. Nov. 5, 2014) ..........................................................11, 16

*Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club*,
    407 F.3d 1027 (9th Cir. 2005) .......................................................................................10

*Japan Telecom, Inc. v. Japan Telecom Am. Inc.*,
    287 F.3d 866 (9th Cir. 2002) .........................................................................................15

*L.A. Taxi Cooperative, Inc. v. Uber Techs., Inc.*,
    114 F. Supp. 3d 852 (N.D. Cal. 2015) ......................................................................11, 16

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
    2019 WL 1170779 (N.D. Cal. Mar. 13, 2019)...............................................................10

*Luxul Tech. Inc. v. Nectarlux, LLC*,
    78 F. Supp. 3d 1156 (N.D. Cal. 2015) ............................................................................9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) .........................................................................................1

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) ............................................................................3

*MGA Entm't, Inc. v. Dynacraft BSC, Inc.*,
    2018 WL 2448123 (C.D. Cal. May 30, 2018) ...............................................................11

*Moss v. Infinity Ins. Co.*,
    197 F. Supp. 3d 1191 (N.D. Cal. 2016) ................................................................... 13-14

*Nguyen v. Simpson Strong-Tie Co., Inc.*,
    2020 WL 5371328 (N.D. Cal. Sept. 8, 2020) ............................................................1, 3

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
    165 F. Supp. 3d 937 (S.D. Cal. 2016) ...............................................................15

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
    2016 WL 2621872 (N.D. Cal. May 9, 2016) .......................................................6, 7

*Power Quality & Elec. Sys., Inc. v. BP West Coast Prods. LLC*,
    2017 WL 119041 (N.D. Cal. Jan. 12, 2017) ......................................................12, 13

*Rosen v. Uber Technologies, Inc.*,
    164 F. Supp. 3d 1165 (N.D. Cal 2016) ...............................................................16

*In re Seagate Tech. LLC Litig.*,
    233 F. Supp. 3d 776 (N.D. Cal. 2017) ..............................................................13, 19

*Southland Sod Farms v. Stover Seed Co.*,
    108 F.3d 1134 (9th Cir. 1997) .......................................................................4, 9

*Swanson v. EMC Mortg. Corp.*,
    2009 WL 4884245 (E.D. Cal. Dec. 9, 2009) .........................................................18

*Tagtrends, Inc. v. Nordstrom, Inc.*,
    2013 WL 12126741 (C.D. Cal. Aug. 15, 2013)......................................................7, 8

*Tercica, Inc. v. Insmed Inc.*,
    2006 WL 1626930 (N.D. Cal. June 9, 2006) .........................................................9

*Tortilla Factory, LLC v. Better Booch, LLC*,
    2018 WL 4378700 (C.D. Cal. Sept. 13, 2018) ......................................................5

*TransFresh Corp. v. Ganzerla Assocs., Inc.*,
    862 F. Supp. 2d 1009 (N.D. Cal. 2012) ............................................................5

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...................................................................3, 9, 13

*VP Racing Fuels, Inc. v. General Petroleum Corp.*,
    673 F. Supp. 2d 1073 (E.D. Cal. 2009).............................................................14

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*,
    758 F.3d 1069 (9th Cir. 2014) ......................................................................4

*Williams v. Apple, Inc.*,
    449 F. Supp. 3d 892 (N.D. Cal. 2020) .............................................................13

*Wilson v. Hewlett–Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ......................................................................7

**Statutes**

Lanham Act, 15 U.S.C. §1125(a) ............................................................... *passim*

False Advertising Law, California Business & Professions Code §§ 17500 *et seq.* ...................... 2, 10-15

Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.* ......2-3, 11-12, 15-19

**Court Rules**

Federal Rule of Civil Procedure 9(b) ........................................................... *passim*

Federal Rule of Civil Procedure 12(b)(1) ...................................................... 3, 11-12

Federal Rule of Civil Procedure 12(b)(6) ......................................................3, 12, 14

Local Rule 7-4(a)(3) ...................................................................................2

**INTRODUCTION**

In this putative class action, Plaintiff Lona's Lil Eats ("Plaintiff" or "Lona's") brings claims for purported violations of the Lanham Act, California's false advertising statute, and California's unfair competition statute, alleging that Defendant DoorDash, Inc. ("DoorDash") incorrectly designated Plaintiff as "unavailable" or "closed" on its website, and that DoorDash somehow suggested that it had a business relationship with Plaintiff. But Plaintiff does not state when these claimed mis-designations occurred, where they were displayed, who saw them, or how they led to a reduction in business for Plaintiff. Indeed, Plaintiff has not alleged any basis for its claim that it suffered any damages as a result of DoorDash's conduct, nor has Plaintiff presented a coherent theory of damages.

Plaintiff does not assert a viable claim under any of its theories. Each of Plaintiff's causes of action sounds in fraud, yet Plaintiff does not allege facts sufficient to state viable claims under any pleading theory, let alone with the particularity required by Federal Rule of Civil Procedure 9(b). Further, Plaintiff lacks standing to bring claims under California's false advertising and unfair competition statutes. And Plaintiff wholly lacks standing to seek injunctive relief.

DoorDash takes concerns about its platform seriously. When a restaurant brings a problem to DoorDash's attention, DoorDash acts to correct the situation and aims to ensure that all parties are satisfied with the outcome. Such matters are most efficiently and effectively addressed through cooperation, not federal class action litigation. But Plaintiff did not bring its concerns to DoorDash. Instead, Plaintiff filed a lawsuit. DoorDash therefore has no choice but to ask this Court to measure Plaintiff's claims against governing standards and controlling precedent. DoorDash is confident that in doing so, this Court will find that Plaintiff's allegations come up short. DoorDash therefore respectfully requests that this Court dismiss the Complaint in its entirety.

**STATEMENT OF FACTS[1]**

DoorDash is a technology company that provides a web-based platform connecting consumers to

---

[1] "In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party." *Nguyen v. Simpson Strong-Tie Co., Inc.*, 2020 WL 5371328, at *4 (N.D. Cal. Sept. 8, 2020) (Hixson, J.) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "However, 'the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Nguyen*, 2020 WL 5371328, at *4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS**
**Case No. 3:20-cv-6703-TSH**

local restaurants.  (Complaint, Dkt. No. 1 ("Compl.") ¶ 9.)  Customers place orders with restaurants through DoorDash's platform; DoorDash then connects those restaurants with third-party delivery service providers, who pick up orders and deliver them to the consumers.  (*Id*.)  DoorDash provides these services for both "Partner Restaurants," with which it has contractual agreements, and non-partner restaurants. (*Id*.)

Plaintiff, which is not a Partner Restaurant, alleges that at some point in time, a customer could begin the process of placing an order for Plaintiff's food through DoorDash's platform but could not complete that order, because DoorDash's platform would indicate that Plaintiff was "unavailable" by virtue of being "out of the delivery area" or "too far" from the potential customer's location.  (*Id*. ¶ 15.) Plaintiff also alleges that it was at some point listed on DoorDash's platform as "closed."  (*Id*. ¶ 18.) According to Plaintiff, DoorDash redirected "would-be Lona's business to its Partner Restaurants."  (*Id.* ¶ 21.)  Plaintiff also alleges that DoorDash "suggest[s] in its advertising" that it "has a business relationship with Plaintiff" and that it is authorized to provide information regarding [Plaintiff's] services when in fact no such authorization exists.  (*Id*. ¶ 43(a).)  According to Plaintiff, DoorDash's alleged misrepresentations "suggest[ed] that Lona's is not an option" for potential customers (*id.* ¶ 19), causing those customers to place orders through DoorDash's "Partner Restaurants" instead.  *Id*.

Rather than reaching out to DoorDash to see if the issue could be resolved efficiently and amicably, Plaintiff filed this putative nationwide class action on September 24, 2020.  (Dkt. No. 1.)  Plaintiff brings claims against DoorDash for: false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); violation of California's False Advertising Law, California Business & Professions Code §§ 17500 *et seq.* ("FAL"); and California's Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.* ("UCL").

## STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(a)(3))

1. Whether the Court should dismiss the Lanham Act claim for failure to state a claim.

2. Whether the Court should dismiss the FAL claim for lack of standing.

3. Whether the Court should dismiss the FAL claim for failure to state a claim.

4. Whether the Court should dismiss the UCL claim for lack of standing.

5.      Whether the Court should dismiss the UCL claim for failure to state a claim.

6.      Whether the Court should dismiss the request for injunctive relief due to lack of standing.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility does not mean probability, but it requires 'more than a sheer possibility that a defendant has acted unlawfully.'" *Nguyen v. Simpson Strong-Tie Co., Inc.*, 2020 WL 5371328, at *4 (N.D. Cal. Sept. 8, 2020) (Hixson, J.) (quoting *Iqbal,* 56 U.S. at 687).

Moreover, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). And "'when the claim is grounded in fraud,' the pleading of that claim as a whole is subject to Rule 9(b)'s particularity requirement." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 996 (N.D. Cal. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003)). "Rule 9(b) requires the plaintiff to allege the 'who, what, when, where, and how' of the alleged fraudulent conduct." *Heartland Payment Systems, Inc. v. Mercury Payment Systems, LLC*, 2016 WL 304764, at *3 (N.D. Cal. Jan. 26, 2016) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)) (granting motion to dismiss Lanham Act, FAL, and UCL claims for failure to plead each with specificity as required by Rule 9(b)). And "[t]he requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.* (quoting *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. Dismissal is appropriate under Rule 12(b)(1) if a plaintiff's allegations fail to establish that the Court has subject matter jurisdiction over the action.  *Fareed Sephery-Fard v. Santa Clara Court*, 2018 WL 6025606, at *1 (N.D. Cal. Nov. 16, 2018) ("On a motion to dismiss pursuant to Rule 12(b)(1), which challenges a court's subject matter jurisdiction over a claim, the burden is on the plaintiff, as the party asserting jurisdiction, to establish that subject matter jurisdiction exists."). A plaintiff seeking injunctive relief in a putative class action must have Article III standing to seek that relief, which requires a plausible

3

1  allegation of potential future harm to the plaintiff.  *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103,

2  1113 (9th Cir. 2017), *as amended on denial of reh'g en banc*, 889 F.3d 956, 99-70 (9th Cir. 2018).

3                                                        **ARGUMENT**

4  **I.     Plaintiff Fails to State a Lanham Act Claim**

5              To state a claim under the Lanham Act, Plaintiff must plead that: (1) DoorDash made a false

6  statement in a commercial advertisement about its own or another's product; (2) the statement actually

7  deceived or has the tendency to deceive a substantial segment of DoorDash's audience; (3) the deception

8  is material in that it is likely to influence purchasing decisions; (4) DoorDash caused its false statement to

9  enter interstate commerce; and (5) Plaintiff has been or is likely to be injured as a result of the false

10 statement, either by direct diversion of sales to itself or by a lessening of the goodwill associated with its

11 products.  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071-72 (9th Cir. 2014)

12 (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).  Moreover, Lanham

13 Act claims based on alleged false advertising must meet the heightened pleading requirements of Rule

14 9(b).  *Factory Direct Wholesale, LLC v. iTouchless Housewares & Products, Inc.*, 411 F. Supp. 3d 905,

15 923 (N.D. Cal. 2019).

16             Plaintiff has failed to meet its pleading burden with respect to its Lanham Act claim for four

17 separate reasons, each of which provides an independently sufficient basis to dismiss the claim.  First,

18 Plaintiff has not pled the existence of a "false statement" with particularity.  Second, Plaintiff has not pled

19 that DoorDash made its purported statement in a "commercial advertisement."  Third, Plaintiff has not

20 adequately pled that DoorDash's statements actually deceived or had a tendency to deceive any segment

21 of DoorDash's audience.  And finally, Plaintiff has not adequately pled that it was injured.

22             **A.     Plaintiff Has Not Pled a False Statement**

23             As a threshold matter, Plaintiff has not pled with particularity that DoorDash made a false

24 statement.  According to Plaintiff, DoorDash represented on its website that Plaintiff was "unavailable"

25 (Compl. ¶ 15) or "closed" (*id*. ¶ 18), and that it had a business relationship with Plaintiff (*id*. ¶ 43(a)).  But

26 to state a claim under the Lanham Act, Plaintiff must provide far more specificity.  Rather, a plaintiff

27 asserting false advertising claims under the Lanham Act must "'identify the who, what, when, where, and

28 how of the misconduct charged, as well as what is false or misleading about the purportedly false

                                                              4

statement, and why it is false.'" *Tortilla Factory, LLC v. Better Booch, LLC*, 2018 WL 4378700, at *7 (C.D. Cal. Sept. 13, 2018) (quoting *Davidson*, 889 F.3d at 964). *See also AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1153 (N.D. Cal. 2019) (granting motion to dismiss Lanham Act claim based on false advertising because the complaint did not specify "when" or "where" the statements at issue were made, merely that defendants had "disseminated" them); *TransFresh Corp. v. Ganzerla  Assocs., Inc.*, 862 F. Supp. 2d 1009, 1019 (N.D. Cal. 2012) (plaintiff did not meet requirements of Rule 9(b) for Lanham Act false advertisement claim where complaint failed to allege "who specifically made these statements, when the statements were made, or to whom they were made").

Here, Plaintiff has included a screenshot that purports to show the restaurant listed as "unavailable." (Compl. ¶ 16.)  But Plaintiff provides no additional information regarding the allegedly false statement that it was "unavailable"—Plaintiff does not allege who at DoorDash made the purported designation; when this statement appeared (notably, neither the actual date the screenshot was taken nor any date range as to when the "unavailable" designation appeared); whether this statement appeared on DoorDash's website or, alternatively, on its app; who saw the designation; or that food from Plaintiff was in fact "unavailable" through DoorDash's platform.  Without more, Plaintiff's allegation that the "unavailable" designation is false does not come close to meeting Rule 9(b)'s pleading standard.

Plaintiff's allegation that DoorDash designated it as "closed" fares even worse.  Plaintiff's only assertion with respect to that claim is that "[i]n other instances in the past, DoorDash would represent to customers looking for Lona's that the restaurant was closed." (*Id*. ¶ 18.)  Plaintiff does not include a screenshot of this alleged designation.  In other words, Plaintiff has not alleged a single fact regarding where the statement was made, who made it, how it was made, or who saw it—the bare minimum requirements for pleading a false statement under the Lanham Act.  And Plaintiff does not assert—because it cannot—that the statement itself is actually false.

Finally, Plaintiff claims that DoorDash "suggested" it had a business relationship with Plaintiff. (*Id*. at ¶ 43(a).)  It is unclear from the Complaint what Plaintiff means by this assertion; Plaintiff does not identify what the precise "suggestion" was, or how, when, or where it was made.  Rather, giving it the benefit of the doubt, Plaintiff seems to claim merely that its name appeared somewhere on DoorDash's platform at some point in time.  But again, Plaintiff has not identified who at DoorDash made the

5

NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH

1  "suggestion," when it appeared, where on DoorDash's platform it appeared, or who viewed the

2  "suggestion." Under Rule 9(b), such assertions cannot be sufficient to state a claim for a false statement

3  under the Lanham Act. This Court should dismiss Plaintiff's Lanham Act claim accordingly.

4  **B.    DoorDash Did Not Make the Alleged Statements Within a Commercial Advertisement**

5  Taking Plaintiff's assertions as true for purposes of this motion, the alleged false statement that

6  Plaintiff was "unavailable" did not appear on DoorDash's landing page, but rather only when a potential

7  customer had made his or her way through multiple screens to a final checkout page. (Compl. ¶¶ 13-16.)

8  (Again, Plaintiff makes no allegation whatsoever as to where the alleged "closed" designation or the

9  suggestion of a business relationship appeared on DoorDash's platform.)  But this purported false

10  statement on a checkout page cannot constitute "commercial advertising" under the Lanham Act. To do

11  so, a statement must be: "(1) commercial speech; (2) by a defendant who is in commercial competition

12  with plaintiff; (3) for the purpose of influencing consumers to buy the defendants' good or services."

13  *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,* 173 F.3d 725, 735 (9th Cir. 1999) (affirming

14  dismissal in part of Lanham Act claim for false advertising).  Plaintiff has not met any of these three

15  requirements.

16  ***1.    DoorDash's Checkout Page is not "Commercial Speech"***

17  First, a page on DoorDash's website or app where a customer completes an order is not

18  "commercial speech" for purposes of a false advertising claim under the Lanham Act. To constitute

19  "commercial speech," the alleged statements "must be disseminated sufficiently to the relevant purchasing

20  public to constitute 'advertising' or 'promotion' within that industry." *Openwave Messaging, Inc. v.*

21  *Open-Xchange, Inc.*, 2016 WL 2621872, at *5 (N.D. Cal. May 9, 2016) (dismissing Lanham Act claim

22  for failure "to allege facts identifying the relevant group of purchasers" so as to allow the court to

23  determine whether the statement in question had been widely distributed) (quoting *Coastal Abstract Serv.*,

24  173 F.3d at 735).

25  Plaintiff does not identify, or even estimate, how many potential customers saw DoorDash's

26  alleged "unavailable" designation, relying only on a single screenshot. But at best, only those customers

27  who attempted to place an order for food from Plaintiff would ever have come across such statements.

28  Plaintiff does not allege, nor could it, that everyone visiting DoorDash's platform would have seen the

6

1    alleged designations; rather only those customers trying to order from Plaintiff would ever encounter the

2    designations.  In other words, "the few isolated [statements] made with respect to a few customers . . .

3    cannot plausibly allege sufficient dissemination to the purchasing public."  *Openwave Messaging*, 2016

4    WL 2621872, at *5.  Plaintiff thus failed to carry its burden of alleging that DoorDash's statements

5    constituted commercial speech under the Lanham Act and were made within the context of a commercial

6    advertisement.

7              **2.     *DoorDash Is Not In Competition With Plaintiff***

8              DoorDash's alleged statements also do not constitute advertising because Plaintiff does not allege,

9    nor can it, that Plaintiff and DoorDash are competitors.  *See, e.g., Bernard v. Donat*, 2012 WL 525533, at

10   *3 (N.D. Cal. Feb. 16, 2012) (dismissing Lanham Act claim because complaint "does not allege that

11   plaintiff and defendant are commercial competitors"); *Tagtrends, Inc. v. Nordstrom, Inc*., 2013 WL

12   12126741, at *5 (C.D. Cal. Aug. 15, 2013) (same).

13             Plaintiff is a restaurant; DoorDash is a technology company that offers a platform connecting

14   restaurants, customers, and third-party drivers who deliver orders from restaurants to customers.  There is

15   no plausible claim Plaintiff could make that it competes with DoorDash and Plaintiff has not even

16   attempted to allege otherwise.  Plaintiff thus has not pled that DoorDash made statements within a

17   "commercial advertisement" that Plaintiff could challenge under the Lanham Act.

18             Likely for that reason, Plaintiff claims that DoorDash made the alleged false statements to direct

19   customer traffic from Plaintiff to restaurants with whom it has partnerships.  (Compl. ¶ 21.)  But that

20   assertion also fails, as a statement from a party who is not a direct competitor is not actionable under the

21   Lanham Act: "To be actionable, conduct must not only be unfair but must in some discernible way be

22   competitive."  *Halicki v. United Artists Comms., Inc.*, 812 F.2d 1213, 1214 (9th Cir. 1987) (affirming

23   dismissal of Lanham Act claim brought against non-competitor).

24             **3.     *DoorDash Did Not Make the Alleged Statements to Influence Consumers to Buy***

25             ***Its Product***

26             Finally, Plaintiff has not pled that DoorDash made its purported statements within the context of

27   commercial advertising because it has not alleged that DoorDash did so to influence consumers to buy

28   *DoorDash's* product.  A Lanham Act claim cannot stand unless Plaintiff sufficiently alleges that

DoorDash made its alleged statements to induce customers to purchase DoorDash's product.  *See, e.g.,* *Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 591 (N.D. Cal. 2019) (dismissing Lanham Act claim because plaintiff alleged that defendant's actions influenced consumer's purchasing decisions as to plaintiff's product, rather than defendant's product).  Nowhere in the complaint does Plaintiff allege that the suggestion of a business relationship or the presence of an "unavailable" or "closed" designation was made to convince customers to purchase DoorDash's product.  Nor could it.  DoorDash is a technology company.  It does not sell food.

As discussed above, Plaintiff may argue that DoorDash made its alleged misstatements to influence customers to buy food from restaurants with whom DoorDash has contractual agreements. (Compl. ¶ 21.)  But courts within the Ninth Circuit, including in the Northern District, have foreclosed this argument, rejecting Lanham Act claims based on similar allegations that a defendant influenced customers to purchase third parties' products.  *Alfasigma USA, Inc.*, 398 F. Supp. 3d at 590-91(dismissing Lanham Act claims for failing to meet the "commercial advertising or promotion" element because plaintiff "has not alleged that these representations were for the purpose of influencing consumers to purchase [Defendant's] products"); *Tagtrends, Inc.*, 2013 WL 12126741, at *5 (dismissing false advertising claim under the Lanham Act because defendant did not make the statements in question "to influence consumers to buy <u>Defendant's</u> own goods or services") (emphasis in original).  In addition, Plaintiff fails to allege how a "suggestion" of a business relationship between Plaintiff and DoorDash would influence customers to place orders with *other* restaurants.  Therefore, Plaintiff's potential argument that it has stated a Lanham Act claim based on DoorDash's alleged attempt to influence customers to buy food from Partner Restaurants must fail as a matter of law.

\*     \*     \*

In short, Plaintiff's Lanham Act claim fails because Plaintiff has not alleged that: (1) DoorDash's alleged statements were commercial speech; (2) DoorDash was in commercial competition with plaintiff; or (3) that DoorDash's statements were made to influence consumers to buy DoorDash's good or services. *Coastal Abstract Serv., Inc.*, 173 F.3d at 735.

//

**C.      Plaintiff Did Not Adequately Allege That DoorDash's Purported Statements Actually Deceived Or Had a Tendency to Deceive Customers**

A Lanham Act claim for false advertising requires a sufficient allegation that the challenged statements either actually deceived customers or had a tendency to deceive them. *Tercica, Inc. v. Insmed Inc.*, 2006 WL 1626930, at *18 (N.D. Cal. June 9, 2006) (dismissing Lanham Act claim because, among other reasons, "Plaintiff has not alleged any facts showing that any consumers specifically associated Plaintiff's references . . . with Plaintiff's actual product").  And under Rule 9(b), Plaintiff must provide facts to support its assertion of actual or likely customer deception.  *Vess*, 31 F.3d at 1106 (internal citation omitted).

Plaintiff fails to offer any facts to support its claim of deception.  Plaintiff does not identify any consumers who were actually misled or even potentially misled, and Plaintiff does not allege that any consumers associated DoorDash's purported statements with their ability to purchase from Plaintiff.  Rather, Plaintiff pleads merely a wholly conclusory allegation that "[t]he false and misleading statements and omissions described herein actually deceive or have the tendency to deceive customers of Plaintiff . . . and has steered delivery orders away from those restaurants."  (Compl. ¶ 45.)  Such "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1167 (N.D. Cal. 2015) (dismissing Lanham Act claim for false advertising where allegations were "bare recitations of the elements of a false advertising claim, bereft of any factual allegations").  Without more, Plaintiff cannot meet its burden under Rule 9(b) and therefore has not sufficiently pled a Lanham Act claim.

**D.      Plaintiff Has Not Sufficiently Alleged Injury**

Finally, Plaintiff's Lanham Act claim fails because it has not adequately pled injury.  Under the statute, Plaintiff must plead that it "has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products."  *Southland Sod Farms*, 108 F.3d at 1139.

First, as discussed above, Plaintiff and DoorDash do not sell the same product; Plaintiff sells food, while DoorDash provides access to a platform that offers convenience for customers, restaurants, and third-party drivers.  By definition, there cannot be a "direct diversion of sales" from Plaintiff to DoorDash,

9

and Plaintiff does not attempt to allege otherwise.

Rather, Plaintiff alleges that DoorDash uses its purported false statements to "steer[] delivery orders" away from restaurants with which it does not have contractual relationships. (Compl. ¶ 45.) But even if that assertion were true, (and it is not), Plaintiff's allegation that it was injured by DoorDash, which is not in direct competition with Plaintiff, is insufficient to support a Lanham Act claim. *See, e.g.*, *Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club*, 407 F3d 1027, 1037 (9th Cir. 2005) (affirming dismissal of Lanham Act claim where plaintiff was not a competitor of defendant and therefore could not show that it suffered a competitive injury due to the defendant's advertising). Plaintiff has not pled any competitive injuries here, which it must.

Second, Plaintiff has pled nothing but conclusory assertions that it has sustained "loss of reputation" and "loss of goodwill." (Compl. ¶ 50.) Such alleged injuries "still require sufficiently detailed allegations." *DNA Sports Performance Lab, Inc. v. Major League Baseball*, 2020 WL 4430793, at *4 (N.D. Cal. Aug. 1, 2020) (dismissing Lanham Act claim); *LegalForce, Inc. v. LegalZoom.com, Inc.*, 2019 WL 1170779, at *2 (N.D. Cal. Mar. 13, 2019) (dismissing as conclusory and insufficient a plaintiff's allegations of "lost revenue and market share, reduced asset value[,] increased advertising costs, [and] damage to its business, reputation, and goodwill" without pleading a relevant timeframe or sufficient facts regarding causation).

And finally, Plaintiff has not pled any plausible theory of damages. As discussed, Plaintiff has not identified a single customer who opted to place an order with a competitor restaurant because he or she saw on DoorDash's platform that Plaintiff was allegedly "unavailable" or "closed." Indeed, Plaintiff has alleged that it did not have a business relationship with DoorDash. And Plaintiff has not alleged that it wanted or expected to receive any orders through the DoorDash platform. At best, Plaintiff's theory of damages is unclear and insufficiently alleged to state a claim. Because Plaintiff has not adequately pled injuries, and for the other reasons discussed above, the Court should dismiss Plaintiff's Lanham Act claim.

## II.   Plaintiff's FAL Claim Fails

In addition to its Lanham Act false advertising claim, Plaintiff alleges that DoorDash has violated California's False Advertising Law, California Business & Profession Code § 17500 (the "FAL claim"). This claim fails for three independent reasons: (1) Plaintiff's Lanham Act claim fails; (2) Plaintiff lacks

10

standing; and (3) Plaintiff has not pled with specificity as required by Rule 9(b).

### A.     Plaintiff's FAL Claim Fails Because Its Lanham Act Claim Fails

Plaintiff's FAL claim is based on the same factual and legal theories as its Lanham Act claim. FAL claims based on false advertising "are substantially congruent to claims made under the Lanham Act." *L.A. Taxi Cooperative, Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 860 (N.D. Cal. 2015) (quoting *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 572290, at *3 (N.D. Cal. Feb. 11, 2014)). *See also Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152–53 (9th Cir. 1996), abrogated on other grounds (dismissal of plaintiff's UCL and FAL claims was proper based on dismissal of Lanham Act claim).

Here, Plaintiff's FAL claim is "substantially congruent" to its Lanham Act claim.  For both claims, Plaintiff alleges that DoorDash disseminated false statements that were likely to deceive a reasonable consumer.  (Compl. ¶¶ 54-56.)  As explained above, Plaintiff's allegations are insufficient to state a claim under the Lanham Act.  *See supra*, Section I.  Because Plaintiff's Lanham Act claim fails, so too must its FAL claim.  *See L.A. Taxi Cooperative, Inc.*, 114 F. Supp. 3d at 860 (dismissing FAL and UCL claims predicated on same allegations as Lanham Act claim); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 WL 6892141, at *5 (C.D. Cal. Nov. 5, 2014) (dismissing UCL and FAL claims because related Lanham Act false advertising claim based on allegedly false reviews failed); *MGA Entm't, Inc. v. Dynacraft BSC, Inc.*, 2018 WL 2448123, at *5 (C.D. Cal. May 30, 2018) (holding FAL claim fails because the corresponding Lanham false advertising claim fails where plaintiff failed to identify any false statement or explain why the statement was misleading).  This Court should dismiss Plaintiff's FAL claim on that basis alone.

### B.     Plaintiff Lacks Standing to Bring a FAL Claim

This Court also should dismiss Plaintiff's FAL claim pursuant to Rule 12(b)(1) because Plaintiff lacks standing to bring such a claim.  To have standing under the FAL, Plaintiff must allege that it suffered an injury due to *its own* actual and reasonable reliance on the purported misleading statements.  *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 646 (N.D. Cal. 2019) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 n.9 (2011)).  Where a complaint does not contain any allegation that

the plaintiff itself relied on the allegedly false advertisements to its detriment, that plaintiff lacks standing, and the FAL claim must be dismissed.  *Clorox*, 398 F. Supp. 3d at 646 (dismissing FAL claim where Clorox did not allege it relied on defendant's statements and finding that Clorox could not establish standing "based upon its customers' reliance upon the ads in question").

Here, Plaintiff does not allege that it has ever relied on DoorDash's statements.  Instead, Plaintiff bases its FAL claim on *others'* purported reliance on DoorDash's statements.  Indeed, Plaintiff explicitly alleges—in wholly conclusory form, with no supporting factual allegations—that "[c]onsumers relied on the representations by Defendant . . . which in turn resulted in damage to Plaintiff." (Compl. ¶ 57.)  But Plaintiff cannot assert a FAL claim based on *consumers'* reliance on DoorDash's statements.  *See Clorox Co.*, 398 F. Supp. 3d at 646.  Because Plaintiff does not allege that it suffered an injury due to *its own* reliance on DoorDash's statements and omissions, Plaintiff does not have standing to bring a FAL claim.  The FAL claim should be dismissed pursuant to Rule 12(b)(1).

### C.      Plaintiff Has Not Adequately Pled a Claim under the FAL

Even if Plaintiff had standing to bring a FAL claim, Plaintiff has failed to state such a claim under Rule 12(b)(6).  First, Plaintiff failed to meet Rule 9(b)'s heightened pleading requirement for the alleged "untrue or misleading" statements made by DoorDash.  Second, Plaintiff has not pled with particularity that DoorDash's statements constitute "publicly disseminated advertising."  Third, Plaintiff has not sufficiently alleged actual reliance on DoorDash's purported misrepresentations.  And fourth, Plaintiff has not adequately pled injury.

#### 1.      Plaintiff has not adequately pled an "untrue or misleading" statement.

To state a claim under the FAL and to survive a motion to dismiss under Rule 12(b)(6), Plaintiff must allege that DoorDash induced members of the public to enter into an obligation with respect to DoorDash's performance of services based upon advertising that is untrue or misleading.  *Power Quality & Elec. Sys., Inc. v. BP West Coast Prods. LLC*, 2017 WL 119041, at *3 (N.D. Cal. Jan. 12, 2017) (dismissing FAL claim) (citing Cal. Bus. & Prof. Code § 17500).

Here, Plaintiff fails to plead DoorDash's alleged false statements with particularity as required by Rule 9(b).  Although Plaintiff does not explicitly allege "fraud" as the basis for its FAL claim, Plaintiff

alleges conduct that sounds in fraud: that DoorDash made statements "that falsified information" and that were "likely to deceive a reasonable consumer." (Compl. ¶¶ 54-55.) *See Vess*, 317 F.3d at 1105 (holding that FAL claim can be based in fraud either by specifically alleging fraud or by alleging facts that constitute fraud, which are "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages"). Because Plaintiff's claim sounds in fraud, it must meet Rule 9(b)'s heightened pleading standard. *See Moss*, 197 F. Supp. 3d at 1199.

To meet that standard as to a FAL claim, Plaintiff's allegations regarding the circumstances of the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 781 (N.D. Cal. 2017). Courts routinely dismiss FAL claims for failure to meet this pleading burden. *See e.g.*, *Beasley*, 400 F. Supp. 3d at 955 (dismissing FAL claim where plaintiff alleged he "repeatedly" and once per month purchased defendant's products with false advertising; finding such allegations were too general to allege "when" the false statements were allegedly made); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 911 (N.D. Cal. 2020) (dismissing FAL claim for failure to plead the "who, what, when, where, and how" of the alleged fraudulent conduct).

Plaintiffs allege only that DoorDash represented on its website that Plaintiff's restaurant was "unavailable" or "closed" and that DoorDash suggested it had a business relationship with Plaintiff. (Compl. ¶¶ 21, 43(a).) But as discussed in Section I.A, *supra*, such allegations do not put DoorDash on notice as to who made the statements, where they were made, when they were made, or who viewed them. As with Plaintiff's requirements under the Lanham Act, *see supra* Section I.A, these meager allegations are insufficient to meet the heightened pleading requirement necessary to state a FAL claim based in fraud. This Court should dismiss the FAL claim.

### *2.* *DoorDash's statements do not constitute "publicly disseminated advertising."*

As discussed in Section I.B, *supra*, the statements that Plaintiff claims DoorDash made were viewed by, at most, only those customers who clicked through several pages on DoorDash's platform in an effort to place an order from Plaintiff. But as with the Lanham Act, such statements do not constitute "advertising" under the FAL. *See, e.g.*, *Power Quality & Elec. Sys.*, 2017 WL 119041, at *3

(communications with sales representatives were not "advertising" for a claim under the FAL); *VP Racing Fuels, Inc. v. General Petroleum Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) (dismissing FAL claim because "Plaintiff has not identified any advertisements by Defendant but has merely asserted conclusory allegations that Defendant made false statements in its advertising"; finding "labeling, marketing, and product displays" insufficient to constitute advertising).

For the same reasons as outlined in connection with Plaintiff's Lanham Act claim, this Court should dismiss the FAL claim because Plaintiff has not alleged that DoorDash's alleged challenged statements were in "publicly disseminated advertising."

### 3. Plaintiff has failed to allege it actually relied on DoorDash's purported statements to its detriment.

Plaintiff's FAL claim fails because it fails to allege that it actually relied on DoorDash's alleged false statements to its detriment. As explained *supra* in Section II.B, Plaintiff does not allege that *it* relied on DoorDash's statements to its detriment. Instead, Plaintiff alleges that customers relied on DoorDash's statements, which in turn purportedly harmed Plaintiff. (Compl. ¶ 57.) These allegations not only are insufficient to establish standing, but they also are insufficient to plead reliance as required under the FAL. *Clorox Co.*, 398 F. Supp. at 646. Plaintiff's FAL claim cannot stand.

### 4. Plaintiff has not sufficiently pled injury.

Finally, to state a claim under the FAL and survive a motion to dismiss under Rule 12(b)(6), Plaintiff must plead that it suffered an injury due to *its own* actual and reasonable reliance on the purported misleading statements made by DoorDash. *Clorox Co.*, 398 F. Supp. 3d at 646 (citing *Kwikset*, 51 Cal. 4th at 326 n.9); *see also Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 959 (N.D. Cal. 2019) (dismissing FAL and UCL claims) (citing *Kwikset Corp.*, 51 Cal. 4th at 322). And because Plaintiff's FAL claim is based on allegations of fraudulent conduct by DoorDash, it must meet Rule 9(b)'s heightened pleading requirements. *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1199 (N.D. Cal. 2016).

Here, Plaintiff's FAL claim fails because Plaintiff has not event attempted to allege that Plaintiff itself relied on DoorDash's allegedly false statements in a way that caused injury. *Clorox Co.*, 398 F.Supp.3d at 646 (granting motion to dismiss FAL claim for lack of standing because plaintiff did not allege that it ever relied on defendant's false advertisements to its detriment, but merely alleged that

14

**NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS**
**Case No. 3:20-cv-6703-TSH**

customers relied on the ads).  *See also 23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 911 (N.D. Cal. 2018), aff'd, 778 F. App'x 966 (Fed. Cir. 2019), and aff'd, 778 F. App'x 966 (Fed. Cir. 2019) (holding that when a FAL claim is predicated on fraud, plaintiff must allege its own reliance on defendant's false statements and that it is insufficient to plead consumers' reliance).  Even if Plaintiff argued that it suffered indirect injury, that would still be insufficient to state a FAL claim.  *See Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937, 948 (S.D. Cal. 2016) (holding that to the extent supplier alleged that it was injured indirectly as assignee of corporation, supplier failed to establish standing to bring FAL claim, as statute requires FAL claimant to have suffered injury in fact directly).

Here, Plaintiff alleges that *customers* relied on DoorDash's statements, not that *Plaintiff* relied on DoorDash's statements to its detriment.  (Compl. ¶ 57.)  Absent any allegation that *Plaintiff* relied on DoorDash's statements, Plaintiff has no FAL claim.

For all three of the foregoing independent reasons, the failure of Plaintiff's Lanham Act claim's, Plaintiff's lack of standing, and Plaintiffs' failure to plead the elements of a FAL claim with specificity, Plaintiff's FAL claim against DoorDash should be dismissed.

## III.   Plaintiff's UCL Claim Fails

Finally, Plaintiff alleges that DoorDash has violated California's Unfair Competition Law (the "UCL claim").  But this claim fails for the same three independent reasons as Plaintiff's FAL claim: (1) Plaintiff's Lanham Act claim fails; (2) Plaintiff lacks standing; and (3) Plaintiff has not adequately pled a claim with specificity as required by Rule 9(b).

### A.     Plaintiff's UCL Claim Fails Because Its Lanham Act Claim Fails

Plaintiff's UCL claim should be dismissed because, as discussed *supra,* Plaintiff has failed to establish a viable claim under the Lanham Act, and its UCL claim is based on the same factual and legal theories.  "The Ninth Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."  *Cleary v. News Corp.,* 30 F.3d 1255, 1262-1263 (9th Cir. 1994) (affirming dismissal of UCL claim brought by plaintiff-author against defendant-publisher); *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 875 (9th Cir. 2002) (plaintiff's "California unfair

15

1  competition claim fails because its related Lanham Act claims fail"); *L.A. Taxi Cooperative, Inc.*, 114 F.

2  Supp. 3d at 860 (same); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 WL 6892141, at

3  *5 (C.D. Cal. Nov. 5, 2014) (dismissing UCL claims because related Lanham Act false advertising claim

4  failed).

5      Here, Plaintiff's UCL allegations rely in part on allegations that DoorDash violated the Lanham

6  Act.  (Compl. ¶ 63(c).)  As discussed *supra,* because Plaintiff has failed to establish a violation of the

7  Lanham Act, Plaintiff's UCL claim must also be dismissed.

8  ### B.    Plaintiff Lacks Standing to Bring a UCL Claim

9      California law "'imposes an actual reliance requirement on plaintiffs' who bring a UCL action

10  'based on a fraud theory involving false advertising and misrepresentations to consumers' because

11  'reliance is the causal mechanism of fraud.'"  *L.A. Taxi Cooperative, Inc.*, 114 F. Supp. 3d at 866 (quoting

12  *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, 2015 WL 3377662, at *6 (N.D. Cal. Feb.

13  24, 2015) (internal quotation omitted)).  And the Northern District "joins the majority of courts to have

14  addressed this question and concludes that because Plaintiffs do not plead their *own* reliance on

15  [defendant's] allegedly false advertising, they lack standing to seek relief under the UCL's fraud prong."

16  *Id*. at 867.

17      Here, as discussed *supra,* Plaintiff does not have standing to bring a UCL claim because it alleges

18  only that DoorDash customers relied on DoorDash's alleged misstatements -- not that Plaintiff itself relied

19  on those statements.  (*See* Compl. ¶ 66 (DoorDash's alleged statements caused "damage to [Plaintiff's]

20  business operations in that *consumers* seeking their products were improperly steered to other Partner

21  Restaurants and did business with them instead, both in the immediate term and thereafter.") (emphasis

22  added); ¶ 65 (alleging that DoorDash's practice was "immoral, unethical, oppressive or unscrupulous and

23  cause[d] injury to *consumers* which outweigh its benefits") (emphasis added).)  In other words, Plaintiff's

24  reliance allegations relate only to customers.  As such, it lacks standing to bring a UCL claim, and this

25  Court should dismiss the claim in its entirety.

26      "[B]ecause Plaintiff's claims under the UCL's unfair and unlawful prongs are predicated on the

27  same misrepresentation theory, they similarly lack standing to seek relief under those prongs."  *L.A. Taxi*

28  *Cooperative, Inc.*, 114 F. Supp. 3d at 866; *see also Rosen v. Uber Technologies, Inc.*, 164 F. Supp. 3d

16

1165, 1177 (N.D. Cal 2016) (dismissing UCL claim for lack of standing where plaintiffs alleged that customers, rather than plaintiffs themselves, relied on statements made by the defendant); *see also Clorox Co.*, 398 F. Supp. 3d at 646 (granting, in part, defendant-competitor's motion to dismiss UCL claim because plaintiff's allegations as to defendant's allegedly misleading statements of its products specified reliance by consumers, not plaintiff's own reliance on defendant's statements).   As such, because Plaintiff's allegations related only to consumers, Plaintiff lacks standing, and this Court should dismiss the UCL claim in its entirety.

## C.   Plaintiff Has Not Adequately Pled a UCL Claim

Finally, Plaintiff's UCL claim must be dismissed because Plaintiff has not adequately pled that DoorDash's conduct was "unlawful," "unfair," or "fraudulent" as required by Cal. Bus. & Prof. Code § 17200.   *Experian Information Solutions, Inc. v. Lifelock, Inc.,* 633 F. Supp. 2d 1104, 1108 (C.D. Cal. 2009).   Although Plaintiff does no more than recite the bare elements of these prongs of a UCL claim, which is insufficient under Rule 9(b) and merits dismissal, DoorDash nevertheless addresses each of them. Because Plaintiff cannot plausibly plead that DoorDash has violated another statute, its UCL claim based on "unlawful" action by DoorDash must fail.   Because Plaintiff has not pointed to *any* facts supporting a claim that DoorDash's conduct was "unfair," a UCL claim based on that prong must also fail.   And finally, as discussed above, Plaintiff's failure to plead any fraudulent conduct by DoorDash with the specificity required by Rule 9(b) dictates that a claim based on "fraudulent" behavior must fail.

### 1.   Plaintiff Has Not Alleged that DoorDash's Statements Were "Unlawful"

For claims based on "unlawful" conduct, "[t]he UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (Cal. 1999)).   In other words, Plaintiff pleads a claim under the UCL if it can point to the violation of another statute by DoorDash.

Here, Plaintiff has alleged that DoorDash violated the Lanham Act and "other California laws," including the FAL.   (Compl. ¶ 63(b)-(c).)   As discussed above in Sections I and II, *supra*, Plaintiff has not pled a Lanham Act claim or a claim under the FAL, and it lacks standing to bring the latter.   And Plaintiff's vague assertion that DoorDash has violated "other California laws" provides DoorDash with no

17

information as to what conduct Plaintiff finds objectionable.  As such, Plaintiff has not pled a UCL claim based on "unlawful conduct" by DoorDash.

### 2.   Plaintiff Has Not Alleged That DoorDash's Conduct was "Unfair"

Plaintiff also has failed to plead that DoorDash's conduct was "unfair" under the UCL.  The "unfair" prong of the UCL prohibits a business practice that "violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits."  *AlterG*, 388 F. Supp. 3d at 1155 (dismissing UCL claim for "unfair" conduct based on failure to allege such conduct).  Conduct is "unfair" under the UCL if it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  *Id.* (citing *Cel–Tech Commc'ns, Inc.,* 20 Cal.4th at 180); *Swanson v. EMC Mortg. Corp.,* 2009 WL 4884245, at *9 (E.D. Cal. Dec. 9, 2009).  In *Swanson,* the court dismissed plaintiff's UCL claim, in part, because the plaintiff's complaint lacked "reasonable particularity of facts to support an UCL claim.  The claim's bare mention of 'unlawful, unfair and/or fraudulent business practices' provides not the slightest inference that [plaintiff] has a viable UCL claim against [defendant]."  *Swanson,* 2009 WL 4884245, at *9.

Here, Plaintiff has not alleged with particularity any conduct that DoorDash engaged in which was a violation of antitrust law, significantly threatened or harmed competition, violated public policy, or was immoral or unethical.  Indeed, Plaintiff has done nothing more than to recite the elements of its claim in alleging that "Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to customers which outweigh its benefits." (Compl. ¶ 65.)  Such allegations are insufficient to show that DoorDash's conduct was "unfair" under the UCL.  As such, Plaintiff's UCL claim should be dismissed.

### 3.   Plaintiff Has Not Sufficiently Pled that DoorDash's Statements Were "Fraudulent"

Finally, a plaintiff bringing a UCL claim based on "fraudulent" conduct must plead such conduct with specificity as required by Rule 9(b).  *Clorox Co.*, 398 F.Supp.3d at 646.  And as discussed in Section I.A, *supra,* "a pleading must identify the *who*, *what*, *when*, *where*, and *how* of the misconduct charged, as

18

NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH

1   well as *what* is false or misleading about the purportedly fraudulent statement, and *why* it is false." *Id.*

2   (emphasis added)*, see also Davidson*, 889 F.3d at 964 (discussing the heightened pleading requirement

3   for UCL claims that sound in fraud).  Rule 9(b) demands that the circumstances constituting the alleged

4   fraud "be specific enough to give defendants notice of the particular misconduct . . . so that they can

5   defend against the charge and not just deny that they have done anything wrong."  *In re Seagate Tech.*

6   *LLC Litig.*, 233 F. Supp. 3d at 781.

7        Here, as to DoorDash's representations that Plaintiff's restaurant was "unavailable" or "closed,"

8   Plaintiff has not pled who at DoorDash made the statements, when they were made, where on DoorDash's

9   platform they appeared, who viewed them, or how they impacted Plaintiff's business.  Such allegations

10   are insufficient and do not meet Rule 9(b)'s standard for pleading fraud under the UCL with particularity.

11   Because Plaintiff has not sufficiently pled facts underlying its UCL claim with particularity, and because

12   Plaintiff has not adequately pled a claim based on unlawful or unfair conduct, its UCL claim must be

13   dismissed in its entirety.

14   **IV.**      <u>**Plaintiff Cannot Seek Injunctive Relief**</u>

15        Finally, this Court should dismiss Plaintiff's claims for lack of standing to the extent Plaintiff seeks

16   injunctive relief.  (*See, e.g.*, Compl. Prayer for Relief ¶ E) (requesting "injunctive relief prohibiting

17   DoorDash from engaging in the conduct and practices alleged herein").  To satisfy Article III standing

18   requirements, where Plaintiff seeks injunctive relief, it must demonstrate that it is "realistically threatened

19   by a repetition of the violation."  *Deitz v. Comcast Corp.*, 2006 WL 3782903, at *3 (N.D. Cal. Dec. 21,

20   2006).

21        But Plaintiff does not plead the necessary "real and immediate threat of repeated injury."

22   *Davidson*, 889 F.3d at 967; *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Indeed, nowhere does

23   the Complaint allege that the purported statements made by DoorDash remain on DoorDash's website or

24   app, or that any suggestion remains of a business relationship between Plaintiff and DoorDash.  Without

25   such allegations, Plaintiff has no standing to seek injunctive relief.

26        Moreover, Plaintiff's putative class allegations do not remedy its lack of standing, as system-wide

27   injunctive relief is not available based on alleged injuries to unnamed members of a proposed class.

28

19

NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH

*Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).  Unless Plaintiff itself is entitled to seek injunctive relief, it may not represent a class seeking that relief.  *Id.*

For these reasons, to the extent that any of Plaintiff's underlying claims withstand the arguments discussed above (and they should not), this Court nevertheless should dismiss Plaintiff's claims to the extent they seek injunctive relief.

## CONCLUSION

For the reasons discussed above, DoorDash respectfully requests that the Court dismiss Plaintiff's claims in their entirety.

Dated:  November 10, 2020                                     Respectfully submitted,


                                                             */s/ Ruby H. Kazi*
                                                             Ruby H. Kazi (CA 243872)
                                                             Lily A. North (CA 260709)
                                                             Benesch, Friedlander, Coplan & Aronoff LLP
                                                             One Montgomery, Suite 2700
                                                             San Francisco, California 94104-4505
                                                             Telephone:   628.600.2250
                                                             Facsimile:   628.221.5828
                                                             rkazi@beneschlaw.com
                                                             lnorth@beneschlaw.com

                                                             Emily N. Dillingham (*pro hac vice*)
                                                             Lauren C. Tortorella (*pro hac vice*)
                                                             Benesch, Friedlander, Coplan & Aronoff LLP
                                                             71 South Wacker Drive, Suite 1600
                                                             Chicago, IL 60606
                                                             Telephone: 312-212-4949
                                                             edillingham@beneschlaw.com
                                                             ltortorella@beneschlaw.com

                                                             Counsel for Defendant DOORDASH, INC.

## ECF ATTESTATION

In accordance with Local Rule 5-1(i)(3), I, Ruby H. Kazi, attest that I have obtained concurrence in the filing of this document from the other signatories listed here.

**NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS**
**Case No. 3:20-cv-6703-TSH**