1   Ruby H. Kazi (CA 243872)
    Lily A. North (CA 260709)
2   Benesch, Friedlander, Coplan & Aronoff LLP
    One Montgomery, Suite 2700
3   San Francisco, California 94104-4505
    Telephone:   628.600.2250
4   Facsimile:    628.221.5828
    rkazi@beneschlaw.com
5   lnorth@beneschlaw.com

6   Emily N. Dillingham (*pro hac vice*)
    Lauren C. Tortorella (*pro hac vice*)
7   Benesch, Friedlander, Coplan & Aronoff LLP
    71 South Wacker Drive, Suite 1600
8   Chicago, IL 60606
    Telephone: 312-212-4949
9   edillingham@beneschlaw.com
    ltortorella@beneschlaw.com
10
    Counsel for Defendant DOORDASH, INC.
11

12              **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN FRANCISCO DIVISION**

15  | LONA'S LITTLE EATS, LLC, on its own | Case No. 3:20-cv-6703-TSH |
    behalf and on behalf of all others similarly
16  situated,                              | **NOTICE OF MOTION AND MOTION;**
                                           | **MEMORANDUM OF POINTS AND**
17              Plaintiff,                 | **AUTHORITIES IN SUPPORT OF**
                                           | **DOORDASH, INC.'S MOTION TO DISMISS**
18      v.                                 | **PLAINTIFF'S AMENDED COMPLAINT**

19  DOORDASH, INC.,

20              Defendant.

21                                         | Date:      January 21, 2021
                                           | Time:      10:00 a.m.
22                                         | Location:  Courtroom G - 15th Floor
                                           | Judge:     The Hon. Thomas S. Hixson
23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

PAGE 2

INTRODUCTION ............................................................................................................. 10

STATEMENT OF FACTS ................................................................................................ 11

STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3)) .................................. 12

LEGAL STANDARD ....................................................................................................... 12

ARGUMENT .................................................................................................................... 13

I.    PLAINTIFF FAILS TO STATE A LANHAM ACT CLAIM ................................. 13

    A.    Plaintiff Has Not Pled a False Statement............................................................ 14

    B.    DoorDash Did Not Make the Alleged Statements Within a Commercial
        Advertisement ..................................................................................................... 16

        1.    DoorDash's Checkout Page is not "Commercial Speech" ...................... 17

        2.    DoorDash Is Not In Competition With Plaintiff...................................... 17

        3.    DoorDash Did Not Make the Alleged Statements to Influence
            Consumers to Buy Its Product ................................................................ 18

    C.    Plaintiff Did Not Adequately Allege That DoorDash's Purported Statements
        Actually Deceived Or Had a Tendency to Deceive Customers .......................... 19

    D.    Plaintiff Has Not Sufficiently Alleged Injury .................................................... 20

II.   PLAINTIFF'S FAL CLAIM FAILS ...................................................................... 22

    A.    Plaintiff's FAL Claim Fails Because Its Lanham Act Claim Fails.................... 22

    B.    Plaintiff Lacks Standing to Bring a FAL Claim ................................................ 23

    C.    Plaintiff Has Not Adequately Pled a Claim under the FAL................................ 23

        1.    Plaintiff has not adequately pled an "untrue or misleading" statement. .............. 24

        2.    DoorDash's statements do not constitute "publicly disseminated
            advertising." ............................................................................................. 25

        3.    Plaintiff has failed to allege it actually relied on DoorDash's purported
            statements to its detriment. ..................................................................... 26

        4.    Plaintiff has not sufficiently pled injury. ............................................... 26

2

**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH**

III.    PLAINTIFF'S UCL CLAIM FAILS ........................................................................ 27

    A.    Plaintiff's UCL Claim Fails Because Its Lanham Act Claim Fails ................................. 27

    B.    Plaintiff Lacks Standing to Bring a UCL Claim ................................................ 27

    C.    Plaintiff Has Not Adequately Pled a UCL Claim ............................................. 28

        1.    Plaintiff Has Not Alleged that DoorDash's Statements Were "Unlawful" ................................................................................................ 29

        2.    Plaintiff Has Not Alleged That DoorDash's Conduct was "Unfair" .................... 29

        3.    Plaintiff Has Not Sufficiently Pled that DoorDash's Statements Were "Fraudulent" ................................................................................................ 30

IV.    PLAINTIFF CANNOT SEEK INJUNCTIVE RELIEF ......................................... 31

CONCLUSION ............................................................................................................. 32

**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS**
**Case No. 3:20-cv-6703-TSH**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
  356 F. Supp. 3d 889 (N.D. Cal. 2018), aff'd, 778 F. App'x 966 (Fed. Cir. 2019) .............................26

*Alfasigma USA, Inc. v. First Databank, Inc.*,
  398 F. Supp. 3d 578 (N.D. Cal. 2019) ..................................................................................18, 19

*AlterG, Inc. v. Boost Treadmills LLC*,
  388 F. Supp. 3d 1133 (N.D. Cal. 2019) ................................................................................14, 30

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................................11, 12

*Azare v. Gateway Genomics, LLC*,
  2017 WL 1479184 (S.D. Cal. Apr. 25, 2017) ............................................................................25

*Beasley v. Lucky Stores, Inc.*,
  400 F. Supp. 3d 942 (N.D. Cal. 2019) ................................................................................24, 26

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................................................12

*Bernard v. Donat*,
  2012 WL 525533 (N.D. Cal. Feb. 16, 2012) .............................................................................17

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (Cal. 1999)...................................................................................................29, 30

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983).......................................................................................................................31

*Cleary v. News Corp.*,
  30 F.3d 1255 (9th Cir. 1994) ......................................................................................................27

*Clorox Co. v. Reckitt Benckiser Grp. PLC*,
  398 F. Supp. 3d 623 (N.D. Cal. 2019) ...............................................................23, 26, 28, 30

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
  173 F.3d 725 (9th Cir. 1999) .........................................................................................16, 17, 19

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) ......................................................................................................13

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH

*Davidson v. Kimberly-Clark Corp.*,
  873 F.3d 1103 (9th Cir. 2017), *as amended on denial of reh'g en banc*, 889 F.3d 956
  (9th Cir. 2018)................................................................................................14, 30, 31

*Deitz v. Comcast Corp.*,
  2006 WL 3782903 (N.D. Cal. Dec. 21, 2006) ...................................................................31

*Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*,
  84 F.3d 1143 (9th Cir. 1996) .............................................................................................22

*Diva Limousine, Ltd. v. Uber Tech. Inc.*,
  392 F. Supp. 3d 1074 (N.D. Cal. 2019) .............................................................................21

*DNA Sports Performance Lab, Inc. v. Major League Baseball*,
  2020 WL 4430793 (N.D. Cal. Aug. 1, 2020) ...............................................................21, 26

*Erickson v. Pardus*,
  551 U.S. 89 (2007).............................................................................................................11

*Experian Information Solutions, Inc. v. Lifelock, Inc.*,
  633 F. Supp. 2d 1104 (C.D. Cal. 2009) .............................................................................29

*Factory Direct Wholesale, LLC v. iTouchless Housewares & Products, Inc.*,
  411 F. Supp. 3d 905 (N.D. Cal. 2019) ...............................................................................14

*Fareed Sephery-Fard v. Santa Clara Court*,
  2018 WL 6025606 (N.D. Cal. Nov. 16, 2018) ...................................................................13

*Halicki v. United Artists Comms., Inc.*,
  812 F.2d 1213 (9th Cir. 1987) ...........................................................................................18

*Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*,
  2015 WL 3377662 (N.D. Cal. Feb. 24, 2015) ...................................................................28

*Heartland Payment Systems, Inc. v. Mercury Payment Systems, LLC*,
  2016 WL 304764 (N.D. Cal. Jan. 26, 2016) ......................................................................13

*Hodgers -Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ...........................................................................................31

*Homeland Housewares, LLC v. Euro-Pro Operating LLC*,
  2014 WL 6892141 (C.D. Cal. Nov. 5, 2014).................................................................22, 27

*Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club*,
  407 F3d 1027 (9th Cir. 2005) ............................................................................................21

*Japan Telecom, Inc. v. Japan Telecom Am. Inc.*,
  287 F.3d 866 (9th Cir. 2002) .............................................................................................27

5

**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS**
**Case No. 3:20-cv-6703-TSH**

*Kwan Software Eng'g, Inc. v. Foray Techs., LLC*,
    2014 WL 572290 (N.D. Cal. Feb. 11, 2014) .................................................22

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ...........................................................................23, 26

*L.A. Taxi Cooperative, Inc. v. Uber Techs., Inc.*,
    114 F. Supp. 3d 852 (N.D. Cal. 2015) ...........................................22, 27, 28

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
    2019 WL 1170779 (N.D. Cal. Mar. 13, 2019)...........................................21

*Luxul Tech. Inc. v. Nectarlux, LLC*,
    78 F. Supp. 3d 1156 (N.D. Cal. 2015) ......................................................20

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ..................................................................11

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) ......................................................12

*MGA Entm't, Inc. v. Dynacraft BSC, Inc.*,
    2018 WL 2448123 (C.D. Cal. May 30, 2018) ...........................................22

*Moss v. Infinity Ins. Co.*,
    197 F. Supp. 3d 1191 (N.D. Cal. 2016) ..............................................24, 26

*Nguyen v. Simpson Strong-Tie Co., Inc.*,
    2020 WL 5371328 (N.D. Cal. Sept. 8, 2020) ......................................11, 12

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
    165 F. Supp. 3d 937 (S.D. Cal. 2016) .......................................................26

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
    2016 WL 2621872 (N.D. Cal. May 9, 2016) .............................................17

*Patt v. Antech Diagnostics, Inc.*,
    2019 WL 6654078 (C.D. Cal. July 30, 2019) ...........................................29

*Power Quality & Elec. Sys., Inc. v. BP West Coast Prods. LLC*,
    2017 WL 119041 (N.D. Cal. Jan. 12, 2017)........................................24, 25

*Rheumatology Diagnostics Lab. Inc. v. Aetna*,
    2015 WL 1744330 (N.D. Cal. Apr. 15, 2015) ...........................................18

*Rosen v. Uber Technologies, Inc.*,
    164 F.Supp.3d 1165 (N.D. Cal 2016) ........................................................28

*In re Seagate Tech. LLC Litig.*,
   233 F. Supp. 3d 776 (N.D. Cal. 2017) ......................................................24, 31

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997) ..............................................................14, 20

*Swanson v. EMC Mortg. Corp.*,
   No. 09–1507, 2009 WL 4884245 (E.D. Cal. Dec. 9, 2009) ........................30

*Tagtrends, Inc. v. Nordstrom, Inc.*,
   2013 WL 12126741 (C.D. Cal. Aug. 15, 2013)....................................17, 19

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
   2 Cal. App. 4th 153 (1991) ....................................................................13

*Tortilla Factory, LLC v. Better Booch, LLC*,
   2018 WL 4378800 (C.D. Cal. Sept. 13, 2018) .........................................14

*TransFresh Corp. v. Ganzerla Assocs., Inc.*,
   862 F. Supp. 2d 1009 (N.D. Cal. 2012) ..............................................15, 25

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................12, 20, 24

*VP Racing Fuels, Inc. v. General Petroleum Corp.*,
   673 F. Supp. 2d 1073 (E.D. Cal. 2009)....................................................25

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*,
   758 F.3d 1069 (9th Cir. 2014) ...............................................................14

*Williams v. Apple, Inc.*,
   449 F. Supp. 3d 892 (N.D. Cal. Mar. 27, 2020) ......................................24

*Wilson v. Hewlett–Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ...............................................................29

**Statutes**

False Advertising Law, California Business & Professions Code §§ 17500 *et seq.* ........................ *passim*

Lanham Act, 15 U.S.C. §1125(a) ............................................................. *passim*

Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.* ..................... *passim*

**Court Rules**

Federal Rule of Civil Procedure 9(b)........................................................ *passim*

Federal Rule of Civil Procedure 12(b)(1) .............................................9, 13, 23

7

**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... *passim*

Local Rule 7-4(a)(3) ....................................................................................................................12

1
2

## NOTICE OF MOTION AND MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

3       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4       PLEASE TAKE NOTICE that on January 21, 2021 at 10:00 a.m., or as soon thereafter as the

5   matter may be heard in the courtroom of the Honorable Thomas S. Hixson, United States Magistrate

6   Judge, located at San Francisco Courthouse Courtroom G, 15th Floor, 450 Golden Gate Avenue, San

7   Francisco, California 94102, Defendant DoorDash, Inc. ("DoorDash") will and hereby does move for an

8   order dismissing all claims alleged in Plaintiff's Amended Complaint pursuant to Federal Rules of Civil

9   Procedure 12(b)(1) and 12(b)(6).

10      Through this motion, and for the reasons set forth in the attached Memorandum of Points and

11  Authorities, DoorDash respectfully requests that this Court dismiss the Amended Complaint in its entirety

12  and with prejudice.  This motion is based on this Notice of Motion and Motion, the Memorandum of

13  Points and Authorities, the records and files in this action, and any other matter the Court may consider.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

In this putative class action, Plaintiff Lona's Lil Eats ("Plaintiff" or "Lona's") brings claims for purported violations of the Lanham Act, California's false advertising statute, and California's unfair competition statute, alleging that Defendant DoorDash, Inc. ("DoorDash") incorrectly designated Plaintiff as "unavailable" or "closed" on its website, and that DoorDash somehow suggested that it had a business relationship with Plaintiff. DoorDash moved to dismiss because Lona's had not properly alleged any of these claims, and Lona's tacitly admitted that DoorDash was correct by filing an Amended Complaint. But even after amending, Plaintiff still does not meet its pleading burden; presumably because it cannot. Lona's does not state when the claimed mis-designations occurred, where they were displayed, who saw them, or how they led to a reduction in business. Indeed, Plaintiff has neither alleged any basis for its claim that it suffered any damages as a result of DoorDash's conduct nor presented any coherent theory of damages.

Crucially, Plaintiff still does not assert a viable claim under any of its legal theories. Each of Plaintiff's causes of action sounds in fraud, yet Plaintiff does not allege facts sufficient to state viable claims under any pleading theory, let alone with the particularity required by Federal Rule of Civil Procedure 9(b), even with its newly-added factual assertions. Further, Plaintiff lacks standing to bring claims under California's false advertising and unfair competition statutes. And Plaintiff wholly lacks standing to seek injunctive relief.

DoorDash takes concerns about its platform seriously. When a restaurant brings a problem to DoorDash's attention, DoorDash acts to correct the situation and aims to ensure that all parties are satisfied with the outcome. Such matters are most efficiently and effectively addressed through cooperation, not federal class action litigation. But Plaintiff did not bring its concerns to DoorDash. Instead, Plaintiff now indicates in its Amended Complaint that it had concerns in June, 2020, but, rather than bringing those concerns to DoorDash's attention, Lona's said nothing for three months, then filed a lawsuit. And after reviewing DoorDash's initial Motion to Dismiss, Plaintiff opted not to respond, but instead to amend its complaint. And the Amended Complaint does not rectify any of the deficiencies found in the original Complaint.

DoorDash therefore has no choice but to ask this Court yet again to measure Plaintiff's claims

against governing standards and controlling precedent.  DoorDash is confident that in doing so, this Court will find that Plaintiff's allegations come up short.  DoorDash therefore respectfully requests that this Court dismiss the Amended Complaint in its entirety and with prejudice.

### STATEMENT OF FACTS[1]

DoorDash is a technology company that provides a web-based platform connecting consumers to local restaurants.  (Amended Complaint, Dkt. No. 26 ("Am. Compl."), ¶ 9.)  Customers place orders with restaurants through DoorDash's platform; DoorDash then connects those restaurants with third-party delivery service providers, who pick up orders and deliver them to the consumers.  (*Id*.)  DoorDash provides these services for both "Partner Restaurants," with which it has contractual agreements, and non-partner restaurants.  (*Id*.)

Plaintiff, which is not a Partner Restaurant, alleges that at some point in time, a customer could begin the process of placing an order for Plaintiff's food through DoorDash's platform but could not complete that order, because DoorDash's platform would indicate that Plaintiff was "unavailable" by virtue of being "out of the delivery area" or "too far" from the potential customer's location.  (*Id*. ¶¶ 15, 23.)  Plaintiff also alleges that it was at some point listed on DoorDash's platform as "closed."  (*Id*. ¶ 15.)  Plaintiff for the first time in its Amended Complaint now alleges that DoorDash also misrepresents that Lona's is "not accepting pick-up orders" (*id*. ¶¶ 27, 30), even though "Lona's provides curb-side, pick-up service."  (*Id.* ¶ 33.)  According to Plaintiff, DoorDash redirected "would-be Lona's business to its Partner Restaurants."  (*Id.* ¶ 34.)  Plaintiff also alleges that DoorDash "suggest[s] in its advertising" that it "has a business relationship with Plaintiff" and that it is authorized to provide information regarding [Plaintiff's] services when in fact no such authorization exists.  (*Id*. ¶ 56(a).)  According to Plaintiff, DoorDash's alleged misrepresentations "suggest[ed] that Lona's is not an option" for potential customers, causing those customers to place orders through DoorDash's "Partner Restaurants" instead.  (*Id*. ¶ 32.)  Further, Plaintiff now alleges that DoorDash competes directly with any restaurants "that offer their own online

---

[1] "In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party."  *Nguyen v. Simpson Strong-Tie Co., Inc.*, 2020 WL 5371328, at *4 (N.D. Cal. Sept. 8, 2020) (Hixson, J.) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)).  "However, 'the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Nguyen*, 2020 WL 5371328, at *4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

delivery and/or pick-up services." (*Id.* ¶ 12.)  Plaintiff also admits that it has known about the alleged designations since June 2020 (*see id.* ¶ 17), but it does not and cannot allege that it ever attempted to resolve its issues with DoorDash other than through litigation.

Rather than reaching out to DoorDash to see if the issue could be resolved efficiently and amicably, Plaintiff filed this putative nationwide class action on September 24, 2020.  (Dkt. No. 1.)  After DoorDash filed a Motion to Dismiss the Complaint, Lona's filed an Amended Complaint on December 1, 2020. (Dkt. No. 26.)  Plaintiff brings claims against DoorDash for: false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); violation of California's False Advertising Law, California Business & Professions Code §§ 17500 *et seq.* ("FAL"); and California's Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.* ("UCL").

## STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))

1.      Whether the Court should dismiss the Lanham Act claim for failure to state a claim.

2.      Whether the Court should dismiss the FAL claim for lack of standing.

3.      Whether the Court should dismiss the FAL claim for failure to state a claim.

4.      Whether the Court should dismiss the UCL claim for lack of standing.

5.      Whether the Court should dismiss the UCL claim for failure to state a claim.

6.      Whether the Court should dismiss the request for injunctive relief due to lack of standing.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Plausibility does not mean probability, but it requires 'more than a sheer possibility that a defendant has acted unlawfully.'" *Nguyen v. Simpson Strong-Tie Co., Inc.*, 2020 WL 5371328, at *4 (N.D. Cal. Sept. 8, 2020) (Hixson, J.) (quoting *Iqbal,* 56 U.S. at 687).

Moreover, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  And "when the claim is 'grounded in fraud,' the pleading of that claim as a whole is subject to Rule 9(b)'s particularity requirement."  *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 996 (N.D. Cal. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

12

1104 (9th Cir. 2003)).  "Rule 9(b) requires the plaintiff to allege the 'who, what, when, where, and how' of the alleged fraudulent conduct."  *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, 2016 WL 304764, at *3 (N.D. Cal. Jan. 26, 2016) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)) (granting motion to dismiss Lanham Act, FAL, and UCL claims for failure to plead each with specificity as required by Rule 9(b)).  And "[t]he requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.* (quoting *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. Dismissal is appropriate under Rule 12(b)(1) if a plaintiff's allegations fail to establish that the Court has subject matter jurisdiction over the action.  *Fareed Sephery-Fard v. Santa Clara Court*, 2018 WL 6025606, at *1 (N.D. Cal. Nov. 16, 2018) ("On a motion to dismiss pursuant to Rule 12(b)(1), which challenges a court's subject matter jurisdiction over a claim, the burden is on the plaintiff, as the party asserting jurisdiction, to establish that subject matter jurisdiction exists.").  A plaintiff seeking injunctive relief in a putative class action must have Article III standing to seek that relief, which requires a plausible allegation of potential future harm to the plaintiff.  *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017), *as amended on denial of reh'g en banc*, 889 F.3d 956, 969-70 (9th Cir. 2018).

Further, when "any amendment would be futile, there is no need to prolong the litigation by permitting further amendment."  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming district court's dismissal with no leave to amend where plaintiffs could not plead injury); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 258 F. Supp. 3d 1037, 1041 (N.D. Cal. 2017) ("[I]f in an amended complaint the plaintiff is unable to cure noted shortcomings, the Court can reasonably conclude that further amendment would be futile and deny leave to further amend."). The same is true here: there is no amendment by which Lona's could cure its still-existing pleading deficiencies.  This Court should dismiss the Amended Complaint in its entirety and with prejudice.

## ARGUMENT

### I.  Plaintiff Fails to State a Lanham Act Claim

To state a claim under the Lanham Act, Plaintiff must plead that: (1) DoorDash made a false

13

statement in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of DoorDash's audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) DoorDash caused its false statement to enter interstate commerce; and (5) Plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales to itself or by a lessening of the goodwill associated with its products. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071-72 (9th Cir. 2014) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).  Moreover, Lanham Act claims based on alleged false advertising must meet the heightened pleading requirements of Rule 9(b).  *Factory Direct Wholesale, LLC v. iTouchless Housewares & Products, Inc.*, 411 F. Supp. 3d 905, 923 (N.D. Cal. 2019).

Plaintiff has failed to meet its pleading burden with respect to its Lanham Act claim for four separate reasons, each of which provides an independently sufficient basis to dismiss the claim.  First, Plaintiff has not pled the existence of a "false statement" with particularity.  Second, Plaintiff has not pled that DoorDash made its purported statement in a "commercial advertisement."  Third, Plaintiff has not adequately pled that DoorDash's statements actually deceived or had a tendency to deceive any segment of DoorDash's audience.  And finally, Plaintiff has not adequately pled that it was injured.  Plaintiff has utterly failed to correct these deficiencies in its Amended Complaint.

## A.    Plaintiff Has Not Pled a False Statement

As a threshold matter, Plaintiff has not pled with particularity that DoorDash made a false statement.  According to Plaintiff, DoorDash represented on its website that Plaintiff was "unavailable" (Am. Compl., ¶ 15) or "closed" (*id.*), and that it had a business relationship with Plaintiff (*id.* at ¶ 56(a)).  But to state a claim under the Lanham Act, Plaintiff must provide far more specificity.  Rather, a plaintiff asserting false advertising claims under the Lanham Act must "'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly false statement, and why it is false.'"  *Tortilla Factory, LLC v. Better Booch, LLC*, 2018 WL 4378700, at *7 (C.D. Cal. Sept. 13, 2018) (quoting *Davidson*, 889 F.3d at 964).  *See also AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1153 (N.D. Cal. 2019) (granting motion to dismiss Lanham Act claim based on false advertising because the complaint did not specify "when" or "where" the statements at issue were

14

1   made, merely that defendants had "disseminated" them); *TransFresh Corp. v. Ganzerla Assocs., Inc.*, 862

2   F. Supp. 2d 1009, 1019 (N.D. Cal. 2012) (plaintiff did not meet requirements of Rule 9(b) for Lanham

3   Act false advertisement claim where complaint failed to allege "who specifically made these statements,

4   when the statements were made, or to whom they were made").

5          Plaintiff's Amended Complaint fails to provide the required specificity.  Here, Plaintiff has

6   included a screenshot that purports to show the restaurant listed as "unavailable."  (Am. Compl., ¶ 21.)

7   But Plaintiff provides no additional information regarding the allegedly false statement that it was

8   "unavailable"—Plaintiff does not allege who at DoorDash made the purported designation; when this

9   statement appeared (notably, neither the actual date the screenshot was taken nor any date range as to

10  when the "unavailable" designation appeared); whether this statement appeared on DoorDash's website

11  or, alternatively, on its app; who saw the designation; or that food from Plaintiff was in fact "unavailable"

12  through DoorDash's platform.  Without more, Plaintiff's allegation that the "unavailable" designation is

13  false does not come close to meeting Rule 9(b)'s pleading standard.  Further, given that Plaintiff has

14  already amended its allegations related to the "unavailable" designation and still fails to include the

15  information required to meet Rule 9(b)'s pleading standard, Plaintiff will be not able to cure its still-

16  defective pleading with a further amendment.

17         Plaintiff's amended allegation that DoorDash designated it as "closed" also fails to meet Rule

18  9(b)'s pleading standard.  Plaintiff now alleges that "[i]n June 2020 . . . several customers informed Lona's

19  that it was being represented as closed online."  (Am. Compl., ¶ 17.)  Once again, Plaintiff fails to include

20  a screenshot of this alleged designation, so it is impossible to know where on DoorDash's platform the

21  "closed" designation appeared, let alone who saw the designation or when they saw or it.

22         Instead, Plaintiff includes an undated screenshot from its own Facebook page stating, "There

23  seems to be a confusion with DoorDash stating that we are not open."  (*Id.* at ¶ 18.)  But this screenshot

24  only muddies the waters for Plaintiff.  First, Plaintiff has still not alleged a single fact regarding where

25  DoorDash made the alleged statement that Lona's was closed, how it was made, when it was made, or

26  who saw it—the bare minimum requirements for pleading a false statement under the Lanham Act.  *See*

27  *TransFresh Corp.*, 862 F. Supp. 2d at 1019 (dismissing Lanham Act false advertisement claim based on

28  allegations did not meet requirements of Rule 9(b) for failure to allege "who specifically made these

statements, when the statements were made, or to whom they were made"). And second, Plaintiff fails to identify which customers called to ask if Lona's was open, whether those customers referenced DoorDash as the basis for any confusion, how long the post was viewable by customers, or who saw the Facebook post. And as referenced above, the assertion that some customers did call to clarify that Lona's was indeed open undercuts Plaintiff's assertion that they suffered damages as a result of the "closed" designation.

Finally, Plaintiff claims that DoorDash "suggested" it had a business relationship with Plaintiff. (Am. Compl., ¶ 56(a).) It is still unclear from the Amended Complaint what Plaintiff means by this assertion; despite having the opportunity to amend its allegations to give more details, Plaintiff does not identify what the precise "suggestion" was, or how, when, or where it was made. Rather, giving it the benefit of the doubt, Plaintiff seems to claim merely that its name appeared somewhere on DoorDash's platform at some point in time. But again, Plaintiff has not identified who at DoorDash made the "suggestion," when it appeared, where on DoorDash's platform it appeared, who viewed the "suggestion," or even how such a suggestion would cause Plaintiff to incur damages—Plaintiff does not allege, nor can it, that it is unlawful or unfair for one business simply to reference another during the course of normal communications. Under Rule 9(b), such assertions cannot be sufficient to state a claim for a false statement under the Lanham Act. This Court should dismiss Plaintiff's Lanham Act claim accordingly.

**B.   DoorDash Did Not Make the Alleged Statements Within a Commercial Advertisement**

Taking Plaintiff's assertions as true for purposes of this motion, the alleged false statement that Plaintiff was "unavailable" did not appear on DoorDash's landing page, but rather only when a potential customer had made his or her way through multiple screens to a final checkout page. (Am. Compl., ¶¶ 21-23.) (Again, Plaintiff makes no allegation whatsoever as to where the alleged "closed" designation or the suggestion of a business relationship appeared on DoorDash's platform.) But this purported false statement on a checkout page cannot constitute "commercial advertising" under the Lanham Act. To do so, a statement must be: "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy the defendants' good or services." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,* 173 F.3d 725, 735 (9th Cir. 1999) (affirming dismissal in part of Lanham Act claim for false advertising). Plaintiff has not met any of these three requirements.

16

**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH**

### 1.    DoorDash's Checkout Page is not "Commercial Speech"

First, a page on DoorDash's website or app where a customer completes an order is not "commercial speech" for purposes of a false advertising claim under the Lanham Act. To constitute "commercial speech," the alleged statements "must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2016 WL 2621872, at *5 (N.D. Cal. May 9, 2016) (dismissing Lanham Act claim for failure "to allege facts identifying the relevant group of purchasers" so as to allow the court to determine whether the statement in question had been widely distributed) (quoting *Coastal Abstract Serv.*, 173 F.3d at 735).

Plaintiff does not identify, or even estimate, how many potential customers saw DoorDash's alleged "unavailable" designation, relying only on a single screenshot. But at best, only those customers who attempted to place an order for food from Plaintiff would ever have come across such statements. Plaintiff does not allege, nor could it, that everyone visiting DoorDash's platform would have seen the alleged designations; rather only those customers trying to order from Plaintiff would ever encounter the designations. In other words, "the few isolated [statements] made with respect to a few customers . . . cannot plausibly allege sufficient dissemination to the purchasing public." *Openwave Messaging*, 2016 WL 2621872, at *5. Plaintiff thus failed to carry its burden of alleging that DoorDash's statements constituted commercial speech under the Lanham Act and were made within the context of a commercial advertisement.

### 2.    DoorDash Is Not In Competition With Plaintiff

DoorDash's alleged statements also do not constitute advertising because Plaintiff does not sufficiently allege, nor can it, that Plaintiff and DoorDash are competitors. *See, e.g., Bernard v. Donat*, 2012 WL 525533, at *3 (N.D. Cal. Feb. 16, 2012) (dismissing Lanham Act claim because complaint "does not allege that plaintiff and defendant are commercial competitors"); *Tagtrends, Inc. v. Nordstrom, Inc.*, 2013 WL 12126741, at *5 (C.D. Cal. Aug. 15, 2013) (same).

Plaintiff is a restaurant; DoorDash is a technology company that offers a platform connecting restaurants, customers, and third-party drivers who deliver orders from restaurants to customers. There is no credible allegation in the Amended Complaint that Lona's and DoorDash are competitors. Plaintiff

17

asserts that "[t]o the extent that they offer a mechanism to order food online and then have it delivered or made available for pickup, DoorDash competes directly with restaurants that offer their own online delivery and/or pick-up services." (Am. Compl. ¶ 12.) But that assertion is nonsensical, as the products and services that DoorDash and Lona's offer are not the same. Lona's may be in competition with restaurants, including those that partner with DoorDash, but it is not in competition with DoorDash itself. *See, e.g.*, *Rheumatology Diagnostics Lab. Inc. v. Aetna*, 2015 WL 1744330, at *10 (N.D. Cal. Apr. 15, 2015) ("[I]n the traditional sense, competitors are persons endeavoring to do the same thing and each offering to perform the act, furnish the merchandise, or render the service better or cheaper than his rival.") (internal citation and quotation omitted). Further, even assuming DoorDash is in competition with "restaurants that offer their own online delivery and/or pick-up services" (Am. Comp., ¶ 12), Plaintiff has not alleged it in fact offers such services. While Plaintiff asserts that it "provides curb-side, pick-up service" (*id.* at ¶ 33), nowhere in the Amended Complaint does Plaintiff allege that it offers its own delivery services or that it offers online ordering at all. Plaintiff thus has not pled that DoorDash made statements within a "commercial advertisement" in violation of the Lanham Act.

Further, Plaintiff claims that DoorDash made the alleged false statements to direct customer traffic from Plaintiff to restaurants with whom it has partnerships. (*Id.* at ¶ 32.) But that assertion also fails, as a statement from a party who is not a direct competitor is not actionable under the Lanham Act: "To be actionable, conduct must not only be unfair but must in some discernible way be competitive." *Halicki v. United Artists Comms., Inc.*, 812 F.2d 1213, 1214 (9th Cir. 1987) (affirming dismissal of Lanham Act claim brought against non-competitor).

### 3. DoorDash Did Not Make the Alleged Statements to Influence Consumers to Buy Its Product

Finally, Plaintiff has not pled that DoorDash made its purported statements within the context of commercial advertising because it has not alleged that DoorDash did so to influence consumers to buy *DoorDash's* product. A Lanham Act claim cannot stand unless Plaintiff sufficiently alleges that DoorDash made its alleged statements to induce customers to purchase DoorDash's product. *See, e.g., Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 591 (N.D. Cal. 2019) (dismissing Lanham Act claim because plaintiff alleged that defendant's actions influenced consumer's purchasing

18

decisions as to plaintiff's product, rather than defendant's product).  Nowhere in the Amended Complaint does Plaintiff allege that the suggestion of a business relationship or the presence of an "unavailable" or "closed" designation was made to convince customers to purchase DoorDash's product.  Nor could it. DoorDash is a technology company.  It does not sell food.

Despite including allegations that Plaintiff and DoorDash are in competition because both purportedly offer pick-up services (Am. Compl., ¶¶ 12, 33) (and as discussed above, they are not), Plaintiff does not allege that DoorDash made the purportedly false statements in order to influence customers to use DoorDash's pick-up services.  Instead, Plaintiff alleges that DoorDash made its alleged misstatements to influence customers to buy food from restaurants with whom DoorDash has contractual agreements. (*Id*. at ¶ 34.)  But courts within the Ninth Circuit, including in the Northern District, have foreclosed this argument, rejecting Lanham Act claims based on similar allegations that a defendant influenced customers to purchase third parties' products.  *Alfasigma USA, Inc.*, 398 F. Supp. 3d at 590-91(dismissing Lanham Act claims for failing to meet the "commercial advertising or promotion" element because plaintiff "has not alleged that these representations were for the purpose of influencing consumers to purchase [Defendant's] products"); *Tagtrends, Inc.*, 2013 WL 12126741, at *5 (dismissing false advertising claim under the Lanham Act because defendant did not make the statements in question "to influence consumers to buy <u>Defendant's</u> own goods or services") (emphasis in original).  In addition, Plaintiff fails to allege how a "suggestion" of a business relationship between Plaintiff and DoorDash would influence customers to place orders with *other* restaurants.  Therefore, Plaintiff's potential argument that it has stated a Lanham Act claim based on DoorDash's alleged attempt to influence customers to buy food from Partner Restaurants must fail as a matter of law.

In short, Plaintiff's Lanham Act claim fails because Plaintiff has not alleged that: (1) DoorDash's alleged statements were commercial speech; (2) DoorDash was in commercial competition with plaintiff; or (3) that DoorDash's statements were made to influence consumers to buy DoorDash's goods or services.  *Coastal Abstract Serv., Inc.*, 173 F.3d at 735.

### C.  Plaintiff Did Not Adequately Allege That DoorDash's Purported Statements Actually Deceived Or Had a Tendency to Deceive Customers

A Lanham Act claim for false advertising requires a sufficient allegation that the challenged

19

statements either actually deceived customers or had a tendency to deceive them.  *Tercica, Inc. v. Insmed Inc.*, 2006 WL 1626930, at *18 (N.D. Cal. June 9, 2006) (dismissing Lanham Act claim because, among other reasons, "Plaintiff has not alleged any facts showing that any consumers specifically associated Plaintiff's references . . . with Plaintiff's actual product").  And under Rule 9(b), Plaintiff must provide facts to support its assertion of actual or likely customer deception.  *Vess*, 31 F.3d at 1106 (internal citation omitted).

Despite the opportunity to file an Amended Complaint, Plaintiff still fails to offer any facts to support its claim of deception.  Plaintiff does not identify any consumers who were actually misled or even potentially misled by the "unavailable" designation, and Plaintiff does not allege that any consumers associated DoorDash's purported statements with their ability to purchase from Plaintiff.  Rather, Plaintiff pleads merely a wholly conclusory allegation that "[t]he false and misleading statements and omissions described herein actually deceive or have the tendency to deceive customers of Plaintiff . . . and has steered delivery orders away from those restaurants."  (Am. Compl., ¶ 59.)  Plaintiff's allegations related to the "closed" designation are equally conclusory.  (*Id.* at ¶ 18 (failing to identify in any manner that "several customers" that were "mislead by DoorDash's misrepresentation that Lona's was closed.").)  Such "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1172 (N.D. Cal. 2015) (dismissing Lanham Act claim for false advertising where allegations were "bare recitals of the elements of a false advertising claim, bereft of any factual allegations").  Without more, Plaintiff cannot meet its burden under Rule 9(b) and therefore has not sufficiently pled a Lanham Act claim.  And given that this is Plaintiff's second opportunity to identify, or even indicate it could identify, customers who were misled by the purported misrepresentations, it seems clear that Lona's will not be able to do so even if given the chance to amend once again.  This Court should dismiss the Lanham Act claim with prejudice.

### D.   Plaintiff Has Not Sufficiently Alleged Injury

Finally, Plaintiff's Lanham Act claim fails because it has not adequately pled injury.  Under the statute, Plaintiff must plead that it "has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products."  *Southland Sod Farms*, 108 F.3d at 1139.

20

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DOORDASH, INC.'S MOTION TO DISMISS
Case No. 3:20-cv-6703-TSH

First, as discussed above, despite Plaintiff's best efforts to allege that it competes directly with DoorDash because both parties allegedly offer "pick up services," (Am. Compl., ¶ 12) Plaintiff and DoorDash do not sell the same product; Plaintiff sells food, while DoorDash provides access to a platform that offers convenience for customers, restaurants, and third-party drivers.  By definition, there cannot be a "direct diversion of sales" from Plaintiff to DoorDash, and Plaintiff cannot allege otherwise.  Once again, to the extent Lona's is in direct competition with anyone, it is other restaurants that use DoorDash's platform to facilitate delivery and pick-up services, not DoorDash itself.

Rather, Plaintiff alleges that DoorDash uses its purported false statements to "steer[] delivery orders" away from restaurants with which it does not have contractual relationships.  (*Id.* ¶ 59.)  But even if that assertion were true, (and it is not), Plaintiff's allegation that it was injured by DoorDash, which is not in direct competition with Plaintiff, is insufficient to support a Lanham Act claim.  *See, e.g.*, *Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club*, 407 F.3d 1027, 1037 (9th Cir. 2005) (affirming dismissal of Lanham Act claim where plaintiff was not a competitor of defendant and therefore could not show that it suffered a competitive injury due to the defendant's advertising).  Moreover, to the extent that DoorDash partner restaurants receive orders that Lona's does not, that is a result of Lona's own decisions not to partner with DoorDash and to have its named removed from DoorDash's platform.  In other words, Plaintiff has not pled any competitive injuries here, which dictates that its claim must fail.

Second, Plaintiff has pled nothing but conclusory assertions that it has sustained "loss of reputation" and "loss of goodwill."  (Am. Compl., ¶ 64.)  Such alleged injuries "still require sufficiently detailed allegations."  *DNA Sports Performance Lab, Inc. v. Major League Baseball*, 2020 WL 4430793, at *4 (N.D. Cal. Aug. 1, 2020) (dismissing Lanham Act claim); *LegalForce, Inc. v. LegalZoom.com, Inc.*, 2019 WL 1170779, at *2 (N.D. Cal. Mar. 13, 2019) (dismissing as conclusory and insufficient a plaintiff's allegations of "lost revenue and market share, reduced asset value[,] increased advertising costs, [and] damage to its business, reputation, and goodwill" without pleading a relevant timeframe or sufficient facts regarding causation).

And finally, Plaintiff has not pled any plausible theory of damages.  Plaintiff still has not identified a single customer who opted to place an order with a competitor restaurant because they saw on DoorDash's platform that Plaintiff was allegedly "unavailable" or "closed."  Indeed, Plaintiff has alleged

21

that it did not have a business relationship with DoorDash.  And Plaintiff has not alleged that it wanted or expected to receive any orders through the DoorDash platform.  At best, Plaintiff's theory of damages is unclear and insufficiently alleged to state a claim.  Because Plaintiff has not adequately pled injuries, and for the other reasons discussed above, the Court should dismiss Plaintiff's Lanham Act claim.

## II.     Plaintiff's FAL Claim Fails

In addition to its Lanham Act false advertising claim, Plaintiff alleges that DoorDash has violated California's False Advertising Law, California Business & Profession Code § 17500 (the "FAL claim"). This claim fails for three independent reasons: (1) Plaintiff's Lanham Act claim fails; (2) Plaintiff lacks standing; and (3) Plaintiff has not pled with specificity as required by Rule 9(b).

### A.     Plaintiff's FAL Claim Fails Because Its Lanham Act Claim Fails

Plaintiff's FAL claim is based on the same factual and legal theories as its Lanham Act claim. FAL claims based on false advertising "are substantially congruent to claims made under the Lanham Act." *L.A. Taxi Cooperative, Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 860 (N.D. Cal. 2015) (quoting *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 572290, at *3 (N.D. Cal. Feb. 11, 2014)).  *See also Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152–53 (9th Cir. 1996), *abrogated on other grounds* (dismissal of plaintiff's UCL and FAL claims was proper based on dismissal of Lanham Act claim).

Here, Plaintiff's FAL claim is "substantially congruent" to its Lanham Act claim.  For both claims, Plaintiff alleges that DoorDash disseminated false statements that were likely to deceive a reasonable consumer.  (Am. Compl., ¶¶ 68-70.)  As explained above, Plaintiff's allegations are insufficient to state a claim under the Lanham Act.  *See supra*, Section I.  Because Plaintiff's Lanham Act claim fails, so too must its FAL claim.  *See L.A. Taxi Cooperative, Inc.*, 114 F. Supp. 3d at 860 (dismissing FAL and UCL claims predicated on same allegations as Lanham Act claim); *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 WL 6892141, at *5 (C.D. Cal. Nov. 5, 2014) (dismissing UCL and FAL claims because related Lanham Act false advertising claim based on allegedly false reviews failed); *MGA Entm't, Inc. v. Dynacraft BSC, Inc.*, 2018 WL 2448123, at *5-6 (C.D. Cal. May 30, 2018) (holding FAL claim fails because the corresponding Lanham false advertising claim fails where plaintiff failed to identify any false statement or explain why the statement was misleading).  This Court should dismiss Plaintiff's FAL

22

claim on that basis alone.

### B.    Plaintiff Lacks Standing to Bring a FAL Claim

This Court also should dismiss Plaintiff's FAL claim pursuant to Rule 12(b)(1) because Plaintiff lacks standing to bring such a claim.  To have standing under the FAL, Plaintiff must allege that it suffered an injury due to *its own* actual and reasonable reliance on the purported misleading statements.  *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 646 (N.D. Cal. 2019) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 n.9 (2011)).  Where a complaint does not contain any allegation that the plaintiff itself relied on the allegedly false advertisements to its detriment, that plaintiff lacks standing, and the FAL claim must be dismissed.  *Clorox*, 398 F. Supp. 3d at 646 (dismissing FAL claim where Clorox did not allege it relied on defendant's statements and finding that Clorox could not establish standing "based upon its customers' reliance upon the ads in question").

Here, Plaintiff does not allege that it has ever relied on DoorDash's statements.  Instead, Plaintiff bases its FAL claim on *others'* purported reliance on DoorDash's statements.  Indeed, Plaintiff explicitly alleges—in wholly conclusory form, with no supporting factual allegations—that "[c]onsumers relied on the representations by Defendant . . . which in turn resulted in damage to Plaintiff."  (Am. Compl., ¶ 71.)  But Plaintiff cannot assert a FAL claim based on vague allegations of *consumers'* reliance on DoorDash's statements.  *See Clorox Co.*, 398 F. Supp. 3d at 646.  Because Plaintiff does not allege that it suffered an injury due to *its own* reliance on DoorDash's statements and omissions, Plaintiff does not have standing to bring a FAL claim.  The FAL claim should be dismissed pursuant to Rule 12(b)(1).

### C.    Plaintiff Has Not Adequately Pled a Claim under the FAL

Even if Plaintiff had standing to bring a FAL claim, Plaintiff has failed to state such a claim under Rule 12(b)(6).  First, Plaintiff failed to meet Rule 9(b)'s heightened pleading requirement for the alleged "untrue or misleading" statements made by DoorDash.  Second, Plaintiff has not pled with particularity that DoorDash's statements constitute "publicly disseminated advertising."  Third, Plaintiff has not sufficiently alleged actual reliance on DoorDash's purported misrepresentations.  And fourth, Plaintiff has not adequately pled injury.

//

1

### 1.   Plaintiff has not adequately pled an "untrue or misleading" statement.

To state a claim under the FAL and to survive a motion to dismiss under Rule 12(b)(6), Plaintiff must allege that DoorDash induced members of the public to enter into an obligation with respect to DoorDash's performance of services based upon advertising that is untrue or misleading. *Power Quality & Elec. Sys., Inc. v. BP West Coast Prods. LLC*, 2017 WL 119041, at *3 (N.D. Cal. Jan. 12, 2017) (dismissing FAL claim) (citing Cal. Bus. & Prof. Code § 17500).

Here, Plaintiff fails to plead DoorDash's alleged false statements with particularity as required by Rule 9(b).  Although Plaintiff does not explicitly allege "fraud" as the basis for its FAL claim, Plaintiff alleges conduct that sounds in fraud: that DoorDash made statements "that falsified information" and that were "likely to deceive a reasonable consumer."  (Am. Compl., ¶¶ 68-70.)  *See Vess*, 317 F.3d at 1105 (holding that FAL claim can be based in fraud either by specifically alleging fraud or by alleging facts that constitute fraud, which are "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages").  Because Plaintiff's claim sounds in fraud, it must meet Rule 9(b)'s heightened pleading standard. *See Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1199 (N.D. Cal. 2016).

To meet that standard as to a FAL claim, Plaintiff's allegations regarding the circumstances of the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 781 (N.D. Cal. 2017) (internal citation omitted).  Courts routinely dismiss FAL claims for failure to meet this pleading burden. *See e.g.*, *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 955 (N.D. Cal. 2019) (dismissing FAL claim where plaintiff alleged he "repeatedly" and "once per month" purchased defendant's products with false advertising; finding such allegations were too general to allege "when" the false statements were allegedly made); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 911 (N.D. Cal. 2020) (dismissing FAL claim for failure to plead the "who, what, when, where, and how" of the alleged fraudulent conduct).

Plaintiff alleges that DoorDash represented on its website that Plaintiff's restaurant was "unavailable" or "closed" and that DoorDash suggested it had a business relationship with Plaintiff.  (Am. Compl., ¶¶ 15, 17-31.)  In its Amended Complaint, Plaintiff attempts to add specificity to these vague allegations by stating that "[i]n June 2020…several customers informed Lona's that it was being

24

represented as closed." (*Id.* at ¶ 17)  But as discussed above, Plaintiff still failed to include detail about when those customers made that representation to Lona's, how they made the representation, how many customers were "confused," or who specifically those customers were.  Plaintiff also added to its Amended Complaint a screenshot of a Facebook post that Plaintiff itself published on June 5, 2020, stating that Lona's was open despite customer "confusion."  (*Id.* at ¶ 18.)  This is still insufficient because the allegations do not give DoorDash any information as to the actual complaints or how these customers were allegedly misled.  The only new information included in the Amended Complaint is that "several customers" allegedly complained on or around June 5, 2020.  (*Id.* at ¶ 17.)  As with the Lanham Act Claim in Section I.A, *supra,* these allegations, even as amended, fail to meet the heightened pleading requirement necessary to state a FAL claim based in fraud.  *See TransFresh Corp.*, 862 F. Supp. 2d at 1019 ("Although the 'what' and 'why' are alleged, [Plaintiff] does not include allegations identifying who specifically made these statements, when the statements were made, or to whom they were made."); *Azare v. Gateway Genomics, LLC*, 2017 WL 1479184, at *5 (S.D. Cal. Apr. 25, 2017) (plaintiffs must "allege the circumstances constituting fraud, or the time, place, and specific content of the false representations."). This Court should dismiss the FAL claim.

### 2. DoorDash's statements do not constitute "publicly disseminated advertising."

As discussed in Section I.B, *supra*, the statements that Plaintiff claims DoorDash made were viewed by, at most, only those customers who clicked through several pages on DoorDash's platform in an effort to place an order from Plaintiff.  But as with the Lanham Act, such statements do not constitute "advertising" under the FAL.  *See, e.g.*, *Power Quality & Elec. Sys.*, 2017 WL 119041, at *3 (communications with sales representatives were not "advertising" for a claim under the FAL); *VP Racing Fuels, Inc. v. General Petroleum Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) (dismissing FAL claim because "Plaintiff has not identified any advertisements by Defendant but has merely asserted conclusory allegations that Defendant made false statements in its advertising"; finding "labeling, marketing, and product displays" insufficient to constitute advertising).

For the same reasons as outlined in connection with Plaintiff's Lanham Act claim, this Court should dismiss the FAL claim because Plaintiff has not alleged that DoorDash's alleged challenged statements were in "publicly disseminated advertising."

### 3. *Plaintiff has failed to allege it actually relied on DoorDash's purported statements to its detriment.*

Plaintiff's FAL claim fails because it fails to allege that it actually relied on DoorDash's alleged false statements to its detriment. As explained *supra* in Section II.B, Plaintiff does not allege that *it* relied on DoorDash's statements to its detriment. Instead, Plaintiff alleges that customers relied on DoorDash's statements, which in turn purportedly harmed Plaintiff. (Am. Compl., ¶ 71.) These allegations not only are insufficient to establish standing, but they also are insufficient to plead reliance as required under the FAL. *Clorox Co.*, 398 F. Supp. at 646. Plaintiff's FAL claim cannot stand.

### 4. *Plaintiff has not sufficiently pled injury.*

Finally, to state a claim under the FAL and survive a motion to dismiss under Rule 12(b)(6), Plaintiff must plead that it suffered an injury due to *its own* actual and reasonable reliance on the purported misleading statements made by DoorDash. *Clorox Co.*, 398 F. Supp. 3d at 646 (citing *Kwikset*, 51 Cal. 4th at 326 n.9); *see also Beasley*, 400 F. Supp. 3d at 959 (dismissing FAL and UCL claims) (citing *Kwikset Corp.*, 51 Cal. 4th at 322). And because Plaintiff's FAL claim is based on allegations of fraudulent conduct by DoorDash, it must meet Rule 9(b)'s heightened pleading requirements. *Moss*, 197 F. Supp. 3d at 1199.

Here, Plaintiff's FAL claim fails because it has not even attempted to allege that Plaintiff itself relied on DoorDash's allegedly false statements in a way that caused injury. *Clorox Co.*, 398 F.Supp.3d at 646 (granting motion to dismiss FAL claim for lack of standing because plaintiff did not allege that it ever relied on defendant's false advertisements to its detriment, but merely alleged that customers relied on the ads). *See also 23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 911 (N.D. Cal. 2018), *aff'd*, 778 F. App'x 966 (Fed. Cir. 2019) (holding that when a FAL claim is predicated on fraud, plaintiff must allege its own reliance on defendant's false statements and that it is insufficient to plead consumers' reliance). Even if Plaintiff claimed that it suffered indirect injury, that would still be insufficient to state a FAL claim. *See Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937, 948 (S.D. Cal. 2016) (holding that to the extent supplier alleged that it was injured indirectly as assignee of corporation, supplier failed to establish standing to bring FAL claim, as statute requires FAL claimant to have suffered injury in fact directly).

26

Here, Plaintiff alleges that *customers* relied on DoorDash's statements, not that *Plaintiff* relied on DoorDash's statements to its detriment.  (Am. Compl., ¶ 71.)  Absent any allegation that *Plaintiff* relied on DoorDash's statements, Plaintiff cannot establish that it was injured through its own reliance, so Plaintiff has no FAL claim.

For all three of the foregoing independent reasons, the failure of Plaintiff's Lanham Act claim's, Plaintiff's lack of standing, and Plaintiffs' failure to plead the elements of a FAL claim with specificity, Plaintiff's FAL claim against DoorDash should be dismissed.

### III.    Plaintiff's UCL Claim Fails

Finally, Plaintiff alleges that DoorDash has violated California's Unfair Competition Law (the "UCL claim").  But this claim fails for the same three independent reasons as Plaintiff's FAL claim: (1) Plaintiff's Lanham Act claim fails; (2) Plaintiff lacks standing; and (3) Plaintiff has not adequately pled a claim with specificity as required by Rule 9(b).

### A.    Plaintiff's UCL Claim Fails Because Its Lanham Act Claim Fails

Plaintiff's UCL claim should be dismissed because, as discussed *supra,* Plaintiff has failed to establish a viable claim under the Lanham Act, and its UCL claim is based on the same factual and legal theories.  "The Ninth Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.,* 30 F.3d 1255, 1262-1263 (9th Cir. 1994) (affirming dismissal of UCL claim brought by plaintiff-author against defendant-publisher); *Japan Telecom, Inc. v. Japan Telecom Am. Inc.,* 287 F.3d 866, 875 (9th Cir. 2002) (plaintiff's "California unfair competition claim fails because its related Lanham Act claims fail"); *L.A. Taxi Cooperative, Inc.*, 114 F. Supp. 3d at 860 (same); *Homeland Housewares,* 2014 WL 6892141, at *5 (dismissing UCL claims because related Lanham Act false advertising claim failed).

Here, Plaintiff's UCL allegations rely in part on allegations that DoorDash violated the Lanham Act.  (Am. Compl., ¶ 77(d).)  As discussed *supra,* because Plaintiff has failed to establish a violation of the Lanham Act, Plaintiff's UCL claim must also be dismissed.

### B.    Plaintiff Lacks Standing to Bring a UCL Claim

California law "'imposes an actual reliance requirement on plaintiffs' who bring a UCL action

'based on a fraud theory involving false advertising and misrepresentations to consumers' because 'reliance is the causal mechanism of fraud.'" *L.A. Taxi Cooperative, Inc.*, 114 F. Supp. 3d at 866 (quoting *Heartland Payment Sys.*, 2015 WL 3377662, at *6 (internal quotation omitted)).  And the Northern District "joins the majority of courts to have addressed this question and concludes that because Plaintiffs do not plead their *own* reliance on [defendant's] allegedly false advertising, they lack standing to seek relief under the UCL's fraud prong." *Id*. at 866-67.

Here, as discussed *supra,* Plaintiff does not have standing to bring a UCL claim because it alleges only that DoorDash customers relied on DoorDash's alleged misstatements —not that Plaintiff itself relied on those statements.  (*See* Am. Compl., ¶ 78 (DoorDash's alleged statements caused "damage to [Plaintiff's] business operations in that *consumers* seeking their products were improperly steered to other Partner Restaurants and did business with them instead, both in the immediate term and thereafter.") (emphasis added); *Id.* ¶ 79 (alleging that DoorDash's practice was "immoral, unethical, oppressive or unscrupulous and cause[d] injury to *consumers* which outweigh its benefits") (emphasis added).)  In other words, Plaintiff's reliance allegations relate only to customers.  As such, it lacks standing to bring a UCL claim, and this Court should dismiss the claim in its entirety.

"[B]ecause Plaintiff's claims under the UCL's unfair and unlawful prongs are predicated on the same misrepresentation theory, they similarly lack standing to seek relief under those prongs." *L.A. Taxi Cooperative, Inc.*, 114 F. Supp. 3d at 866; *see also Rosen v. Uber Technologies, Inc*., 164 F. Supp. 3d 1165, 1177 (N.D. Cal 2016) (dismissing UCL claim for lack of standing where plaintiffs alleged that customers, rather than plaintiffs themselves, relied on statements made by the defendant); *see also Clorox Co.*, 398 F. Supp. 3d at 646 (granting, in part, defendant-competitor's motion to dismiss UCL claim because plaintiff's allegations as to defendant's allegedly misleading statements of its products specified reliance by consumers, not plaintiff's own reliance on defendant's statements).  As such, because Plaintiff's allegations related only to consumers, Plaintiff lacks standing, and this Court should dismiss the UCL claim in its entirety.

### C.    Plaintiff Has Not Adequately Pled a UCL Claim

Finally, Plaintiff's UCL claim must be dismissed because Plaintiff has not adequately pled that DoorDash's conduct was "unlawful," "unfair," or "fraudulent" as required by Cal. Bus. & Prof. Code §

28

17200.  *Experian Information Solutions, Inc. v. Lifelock, Inc.,* 633 F. Supp. 2d 1104, 1108 (C.D. Cal. 2009).  Although Plaintiff does no more than recite the bare elements of these prongs of a UCL claim, which is insufficient under Rule 9(b) and merits dismissal, DoorDash nevertheless addresses each of them. Because Plaintiff cannot plausibly plead that DoorDash has violated another statute, its UCL claim based on "unlawful" action by DoorDash must fail.  Because Plaintiff has not pointed to *any* facts supporting a claim that DoorDash's conduct was "unfair," a UCL claim based on that prong must also fail.  And finally, as discussed above, Plaintiff's failure to plead any fraudulent conduct by DoorDash with the specificity required by Rule 9(b) dictates that a claim based on "fraudulent" behavior must fail.

### 1.   *Plaintiff Has Not Alleged that DoorDash's Statements Were "Unlawful"*

For claims based on "unlawful" conduct, "[t]he UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'"  *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 180 (Cal. 1999)).  In other words, Plaintiff pleads a claim under the UCL if it can point to the violation of another statute by DoorDash.

Here, Plaintiff has alleged that DoorDash violated the Lanham Act and "other California laws," including the FAL.  (Am. Compl. ¶ 77(b), (d).)  Plaintiff also now alleges, with no factual support whatsoever, that DoorDash's conduct "significantly threatens and harms competition in the restaurant industry."  (*Id.* ¶ 77(c).)  As discussed above in Sections I and II, *supra*, Plaintiff has not pled a Lanham Act claim or a claim under the FAL, and it lacks standing to bring the latter.  Plaintiff's vague assertion that DoorDash has violated "other California laws" provides DoorDash with no information as to what conduct Plaintiff finds objectionable.  And Plaintiff's "harm to industry" allegation is not sufficiently pled. *See Patt v. Antech Diagnostics, Inc.*, 2019 WL 6654078, at *3-4 (C.D. Cal. July 30, 2019) (plaintiff failed to adequately plead federal or state antitrust injury for a UCL claim).  As such, Plaintiff has not pled a UCL claim based on "unlawful conduct" by DoorDash.

### 2.   *Plaintiff Has Not Alleged That DoorDash's Conduct was "Unfair"*

Plaintiff also has failed to plead that DoorDash's conduct was "unfair" under the UCL.  The "unfair" prong of the UCL prohibits a business practice that "violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its

29

benefits." *AlterG*, 388 F. Supp. 3d at 1155 (dismissing UCL claim for "unfair" conduct based on failure to allege such conduct). Conduct is "unfair" under the UCL if it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* (citing *Cel–Tech Commc'ns, Inc.,* 20 Cal.4th at 186-87); *Swanson v. EMC Mortg. Corp.,* 2009 WL 4884245, at *9 (E.D. Cal. Dec. 9, 2009). In *Swanson,* the court dismissed plaintiff's UCL claim, in part, because the plaintiff's complaint lacked "reasonable particularity of facts to support an UCL claim. The claim's bare mention of 'unlawful, unfair and/or fraudulent business practices' provides not the slightest inference that [plaintiff] has a viable UCL claim against [defendant]." *Swanson,* 2009 WL 4884245, at *9.

Here, Plaintiff has not alleged with particularity any conduct that DoorDash engaged in which was a violation of antitrust law, significantly threatened or harmed competition, violated public policy, or was immoral or unethical. *Diva Limousine, Ltd. v. Uber Tech. Inc.*, 392 F. Supp. 3d 1074, 1090-91 (N.D. Cal. 2019) (plaintiff's "conclusory allegation" which was "not accompanied by specific acts that would support an [antitrust] claim" was dismissed). Indeed, Plaintiff has done nothing more than to recite the elements of its claim in alleging that "Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to customers which outweigh its benefits." (Am. Compl. ¶ 79.) Such allegations are insufficient to show that DoorDash's conduct was "unfair" under the UCL. As such, Plaintiff's UCL claim should be dismissed.

### 3.   Plaintiff Has Not Sufficiently Pled that DoorDash's Statements Were "Fraudulent"

Finally, a plaintiff bringing a UCL claim based on "fraudulent" conduct must plead such conduct with specificity as required by Rule 9(b). *Clorox Co.*, 398 F.Supp.3d at 646. And as discussed in Section I.A, *supra,* "a pleading must identify the *who*, *what*, *when*, *where*, and *how* of the misconduct charged, as well as *what* is false or misleading about the purportedly fraudulent statement, and *why* it is false." *Id.* (emphasis added)*, see also Davidson*, 889 F.3d at 964 (discussing the heightened pleading requirement for UCL claims that sound in fraud). Rule 9(b) demands that the circumstances constituting the alleged fraud "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *In re Seagate Tech.*

30

*LLC Litig.*, 233 F. Supp. 3d at 781.

Here, as to DoorDash's representations that Plaintiff's restaurant was "unavailable" or "closed," Plaintiff has not pled who at DoorDash made the statements, when they were made, where on DoorDash's platform they appeared, who viewed them, or how they impacted Plaintiff's business.  Such allegations are insufficient and do not meet Rule 9(b)'s standard for pleading fraud under the UCL with particularity. Because Plaintiff has not sufficiently pled facts underlying its UCL claim with particularity, and because Plaintiff has not adequately pled a claim based on unlawful or unfair conduct, its UCL claim must be dismissed in its entirety.

## IV.   **Plaintiff Cannot Seek Injunctive Relief**

Finally, this Court should dismiss Plaintiff's claims for lack of standing to the extent Plaintiff seeks injunctive relief.  (*See, e.g.*, Am. Compl. Prayer for Relief ¶ E) (requesting "injunctive relief prohibiting DoorDash from engaging in the conduct and practices alleged herein.")  To satisfy Article III standing requirements, where Plaintiff seeks injunctive relief, it must demonstrate that it is "realistically threatened by a repetition of the violation." *Deitz v. Comcast Corp.*, 2006 WL 3782902, at *3 (N.D. Cal. Dec. 21, 2006).

But Plaintiff does not plead the necessary "real and immediate threat of repeated injury." *Davidson*, 889 F.3d at 967 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  Indeed, nowhere does the Amended Complaint allege that the purported statements made by DoorDash remain on DoorDash's website or app, or that any suggestion remains of a business relationship between Plaintiff and DoorDash.  Without such allegations, Plaintiff has no standing to seek injunctive relief.

Moreover, Plaintiff's putative class allegations do not remedy its lack of standing, as system-wide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).  Unless Plaintiff itself is entitled to seek injunctive relief, it may not represent a class seeking that relief. *Id*.

For these reasons, to the extent that any of Plaintiff's underlying claims withstand the arguments discussed above (and they should not), this Court nevertheless should dismiss Plaintiff's claims to the extent they seek injunctive relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For the reasons discussed above, DoorDash respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

Dated:  December 15, 2020

Respectfully submitted,


*/s/ Ruby H. Kazi*
Ruby H. Kazi (CA 243872)
Lily A. North (CA 260709)
Benesch, Friedlander, Coplan & Aronoff LLP
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone:   628.600.2250
Facsimile:    628.221.5828
rkazi@beneschlaw.com
lnorth@beneschlaw.com

Emily N. Dillingham (*pro hac vice*)
Lauren C. Tortorella (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
edillingham@beneschlaw.com
ltortorella@beneschlaw.com


Counsel for Defendant DOORDASH, INC.

**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS**
**Case No. 3:20-cv-6703-TSH**