1  Ruby H. Kazi (CA 243872)
   Lily A. North (CA 260709)
2  Benesch, Friedlander, Coplan & Aronoff LLP
   One Montgomery, Suite 2700
3  San Francisco, California 94104-4505
   Telephone:  628.600.2250
4  Facsimile:   628.221.5828
   rkazi@beneschlaw.com
5  lnorth@beneschlaw.com

6  Emily N. Dillingham (*pro hac vice*)
   Lauren C. Tortorella (*pro hac vice*)
7  Benesch, Friedlander, Coplan & Aronoff LLP
   71 South Wacker Drive, Suite 1600
8  Chicago, IL 60606
   Telephone: 312-212-4949
9  edillingham@beneschlaw.com
   ltortorella@beneschlaw.com

Counsel for Defendant DOORDASH, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LONA'S LITTLE EATS, LLC, on its own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | Case No. 3:20-cv-6703-TSH<br><br>**REPLY IN SUPPORT OF DOORDASH, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br><br>Date:     January 21, 2021<br>Time:    10:00 a.m.<br>Location: Courtroom G - 15th Floor<br>Judge:    The Hon. Thomas S. Hixson |

## TABLE OF CONTENTS

                                                **Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

  I.  Plaintiff's Lanham Act Claim Fails ........................................................................... 2

    **A.**  Lexmark's Holding Turns on Standing, Not Pleading Requirements .................... 2

    **B.**  Plaintiff Fails the Coastal Abstract Test for "Commercial Advertising" ............... 3

    **C.**  Plaintiff Fails to Meet Its Remaining Heightened Pleading Burdens ..................... 4

      **i.**  Plaintiff fails to plead the existence of false statements with any specificity. ........................................................................................ 4

      **ii.**  The purported statements were not made within "commercial advertising." ..................................................................................... 6

      **iii.**  Plaintiff does not sufficiently allege that the purported statements actually deceived or had a tendency to deceive customers. ..................................................................................................... 7

      **iv.**  Plaintiff fails to plead damages. ............................................................. 8

  II.  Plaintiff's FAL and UCL Claims Fail .......................................................................... 8

    **A.**  Plaintiff's FAL and UCL Claims Fall With Its Lanham Act Claim ....................... 9

    **B.**  Plaintiff Lacks Standing for Its UCL and FAL Claims .......................................... 9

    **C.**  Plaintiff Has Not Met Its Rule 9(b) Pleading Burden for Its FAL and UCL Claims ............................................................................................................ 11

  III.  Plaintiff Is Not Entitled To Injunctive Relief ............................................................. 12

CONCLUSION .............................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
   356 F. Supp. 3d 889 (N.D. Cal. 2018) ..........................................................................10

*Alfasigma USA, Inc. v. First Databank, Inc.*,
   398 F. Supp. 3d 578 (N.D. Cal. 2019) ............................................................................7

*Allergan United States v. Imprimis Pharm., Inc.*,
   2017 WL 10526121 (C.D. Cal. Nov. 14, 2017) ............................................................10

*AlterG, Inc. v. Boost Treadmills LLC*,
   388 F. Supp. 3d 1133 (N.D. Cal. 2019) ..........................................................................5

*Ariix, LLC v. Nutrisearch Corp.*,
   2018 WL 1456928 (S.D. Cal. Mar. 23, 2018) .................................................................6

*Buckeye Tree Lodge and Sequoia Village Inn, LLC v. Expedia, Inc.*,
   2019 WL 1170489 (N.D. Ill. Mar. 13, 2019) ................................................................13

*Clorox Co. v. Reckitt Benckiser Grp. PLC*,
   398 F. Supp. 3d 623 (N.D. Cal. 2019) .......................................................................4, 10

*Coastal Abstract Serv. v. First Am. Title Ins. Co.*,
   173 F.3d 725 (9th Cir. 1999) ................................................................................. *passim*

*Deitz v. Comcast Corp.*,
   2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ..............................................................13

*Genus Lifesciences Inc. v. Lannett Co., Inc.*,
   378 F. Supp. 3d 823 (N.D. Cal. 2019) .......................................................................3, 8

*Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*,
   700 F. App'x 251 (4th Cir. 2017) ...................................................................................3

*Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*,
   407 F.3d 1027 (9th Cir. 2005) ....................................................................................4, 8

*Kurin, Inc. v. Magnolia Med. Techs., Inc.*,
   473 F. Supp. 3d 1117 (S.D. Cal. 2020) ...........................................................................4

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ....................................................................................................9

*L.A. Taxi Cooperative, Inc. v. Uber Techs., Inc.*,
　114 F. Supp. 3d 852, 866-67 (N.D. Cal. 2015)..................................................................10

*LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.*,
　2019 WL 160335 (N.D. Cal. Jan. 10, 2019)......................................................................10

*Levitt v. Yelp! Inc.*,
　2011 WL 13153230 (N.D. Cal. Mar. 22, 2011)............................................................10, 11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
　572 U.S. 118 (2014) ..................................................................................................... passim

*Luxul Tech. Inc. v. Nectarlux, LLC*,
　78 F. Supp. 3d 1156 (N.D. Cal. 2015) ................................................................................3

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
　2016 WL 2621872 (N.D. Cal. May 9, 2016) .....................................................................7

*Postier v. Lousiana-Pacific Corp.*,
　2009 WL 3320470 (N.D. Cal. Oct. 13, 2009)....................................................................6

*Reed v. Clear Recon Corp.*,
　2019 WL 1082502 (N.D. Cal. Mar. 7, 2019)...................................................................12

*In re Rubber Chem. Antitrust Litig.*,
　2008 WL 5114326 (N.D. Cal. Dec. 4, 2008) .....................................................................8

*Schneider v. California Dep't of Corr.*,
　151 F.3d 1194 (9th Cir. 1998) ............................................................................................5

*Sigma Dynamics, Inc. v. E.Piphany, Inc.*,
　2004 WL 2648370 (N.D. Cal. Jun. 25, 2004)....................................................................7

*Southland Sod Farms v. Stover Seed Co.*,
　108 F.3d 1134 (9th Circ. 1997)......................................................................................4, 8

*TransFresh Corp. v. Ganzerla Assocs., Inc.*,
　862 F. Supp. 2d 1009 (N.D. Cal. 2012) .........................................................................5, 11

*VP Racing Fuels, Inc. v. Gen Petroleum Corp.*,
　2010 WL 1611398 (E.D. Cal. Apr. 20, 2010)..............................................................10, 11

*Wells Fargo & Co. v. ABD Ins. & Fin. Serves., Inc.*,
　758 F.3d 1069 (9th Cir. 2014) ............................................................................................8

*Williams v. Apple Inc.*,
　449 F. Supp. 3d 892 (N.D. Cal. 2020) ..............................................................................13

**Statutes**

False Advertising Law (Cal. Bus. & Prof. Code §§ 17500-1509)...................................................1

Lanham Act (15 U.S.C. § 1125(a))........................................................................... *passim*

Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200-17210)............................................1

**Other Authorities**

Fed. R. Civ. P. 7(a) ...............................................................................................................5

Fed. R. Civ. P. 9(b) ..................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)....................................................................................................3, 6

# INTRODUCTION

Plaintiff's opposition brief tries to direct this Court away from the Amended Complaint's numerous deficiencies, instead attempting to distract the Court with misreadings of cases, false statements of both law and fact, and unfounded (and unpled) assertions of misconduct by DoorDash. But Plaintiff's efforts to avoid this Court's engagement in an actual consideration of the merits of its claims must fail.

The foundation of Plaintiff's opposition brief is an inaccurate interpretation of the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), which Plaintiff incorrectly claims abrogates the Ninth Circuit's holding in *Coastal Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999) as to the elements of a Lanham Act (15 U.S.C. § 1125(a)) claim for false advertising. But as courts throughout the Northern District and the Ninth Circuit have held repeatedly, *Lexmark* does no such thing. Rather, *Lexmark* addresses a plaintiff's standing to bring a Lanham Act claim, not whether it has adequately pled a claim. And under *Coastal Abstract* and other binding precedent, Plaintiff comes nowhere near to meeting its pleading obligations under Rule 9(b). After two attempts, Plaintiff still has not sufficiently pled that DoorDash made false statements, that it did so in the context of commercial advertising, that it did so to deceive customers, or that Plaintiff was injured by DoorDash's purported conduct. Plaintiff's Lanham Act claim must fail.

Plaintiff also fails to demonstrate why well-established standing requirements for its claims under California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500-1509) and Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200-17210) do not apply here, and why this Court should, without legal support, determine that Plaintiff need not plead individualized reliance. And again, Plaintiff fails to meet its heightened pleading burden with respect to these claims or to demonstrate why it should be entitled to injunctive relief where there is no threat of harm and where the alleged conduct at issue no longer exists.

The Amended Complaint has not addressed the deficiencies of the original, nor can it. This Court should dismiss this lawsuit in its entirety and with prejudice.

//

//

//

# ARGUMENT

## I. Plaintiff's Lanham Act Claim Fails

Plaintiff's arguments with respect to its Lanham Act claim miss the mark on multiple fronts. As a threshold matter, Plaintiff devotes multiple pages of its response brief to a point DoorDash does not contest: that Plaintiff has standing to bring a Lanham Act claim. In doing so, though, Plaintiff conflates standing with pleading burdens, representing to this Court that the Supreme Court's ruling in *Lexmark* abrogates the Ninth Circuit's three-part test as outlined in *Coastal Abstract* for whether a statement constitutes "commercial advertising" for the purposes of stating a Lanham Act claim. *Lexmark* does no such thing. As Plaintiff itself concedes, "the Ninth Circuit has not overruled the *Coastal* test" (Opp'n at 13), and the Northern District and other courts throughout the Ninth Circuit continue to rely on it to determine whether a plaintiff has stated Lanham Act claim. Under that test, Plaintiff's claim fails. In the Ninth Circuit, to establish that a statement constitutes "commercial advertising," a plaintiff must still plead that the defendant is a direct competitor. Plaintiff has not done so here.

Not only does Plaintiff fail to plead that DoorDash made any statements that qualify as commercial advertising under *Coastal Abstract*, the Amended Complaint also fails to meet the other requirements of a Lanham Act claim. Despite Plaintiff's assertions to the contrary, it has not pled with the specificity required by Rule 9(b) that DoorDash made a false statement, that any such statement actually deceived or had a tendency to deceive customers, or that Plaintiff was injured. In pointing out Plaintiff's pleading deficiencies, DoorDash is not "being "nit-picky" or taking arguments "out of context." (Opp'n at 11.) And the sufficient pleading of an injury is, contrary to Plaintiff's assertions, "the stuff of a motion to dismiss." (*Id*. at 9.) This Court should dismiss the Lanham Act claim.

### A. *Lexmark's Holding Turns on Standing, Not Pleading Requirements*

Plaintiff would have this Court believe that the *Lexmark* decision governs the pleading standards for a Lanham Act claim. It does not. According to the Supreme Court, "the question [*Lexmark*] presents is whether [plaintiff] falls within the class of plaintiff whom Congress has authorized to sue" (572 U.S. at 128)—in other words, whether a plaintiff has standing to bring a Lanham Act claim. The *Lexmark* decision turned on whether the plaintiff's alleged injuries fell within the requisite zone of interests to give

rise to standing, *not* whether the plaintiff had adequately pled a claim under Fed. R. Civ. P. 12(b)(6). *Id*. at 137-39. And Plaintiff's meager assertions to the contrary, relegated to a footnote (Opp'n at 7 n.2), do not change the scope of that ruling. Indeed, the mere fact that the Court "was discussing elements derived from statutory interpretation" (*id*.) has no bearing whatsoever on the ultimate holding of the case.

Regardless, DoorDash did not and does not now challenge Plaintiff's standing to bring a Lanham Act claim. Rather, it challenges Plaintiff's claim based on its failure to meet its pleading burden.

### B. Plaintiff Fails the Coastal Abstract Test for "Commercial Advertising"

As discussed in DoorDash's opening motion, to state a Lanham Act claim, Plaintiff did not plead with specificity under Fed. R. Civ. P. 9(b) that DoorDash made the statements at issue within "commercial advertising." (Mot. 16-19.) And as Plaintiff concedes (Opp'n at 13-14), the three-part test of *Coastal Abstract* still governs whether statements constitute "commercial advertising." *See, e.g.*, *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 378 F. Supp. 3d 823, 844 (N.D. Cal. 2019) (dismissing Lanham Act claim; "[t]he Ninth Circuit has not overruled *Coastal Abstract* and courts in this district and circuit regularly apply it after *Lexmark*."). Under *Coastal Abstract*, Plaintiff must plead "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy the defendant's goods or services." *Coastal Abstract*, 173 F.3d at 735.

Plaintiff does not challenge the first or third prongs of the *Coastal Abstract* test at any point in its opposition brief. Rather, Plaintiff argues only that *Lexmark* somehow eliminates the second prong of the *Coastal Abstract* test: that Plaintiff and DoorDash must be competitors. (Opp'n at 7.) But the cases Plaintiff cites in support of this argument are inapposite. *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156 (N.D. Cal. 2015), analyzes only whether the plaintiff had *standing* to bring a Lanham Act claim for unfair advertising, not whether it had adequately stated a claim. *Id*. at 1169-70. And *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251 (4th Cir. 2017), analyzes the issuance of a preliminary injunction and is a Fourth Circuit case in no way binding on this Court. Indeed, Plaintiff does not cite a *single* binding case holding that it need not allege direct competition with DoorDash to state a Lanham Act claim. And the fact that some cases cited by DoorDash in support of this requirement predate *Lexmark* (Opp'n at 7) is irrelevant, given that *Coastal Abstract* is still good law in the Ninth

Circuit.

Plaintiff also claims inaccurately that two other Ninth Circuit cases regarding the direct competitor requirements were "abrogated by *Lexmark*": *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005), and *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Circ. 1997). (Opp'n at 8.) Neither case has been abrogated. *See Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 645 (N.D. Cal. 2019) (citing *Jack Russell Terrier* with approval, post-*Lexmark*); *Kurin, Inc. v. Magnolia Med. Techs., Inc.*, 473 F. Supp. 3d 1117, 1128 (S.D. Cal. 2020) (citing *Southland Sod* with approval). Both are still binding given that *Coastal Abstract*'s requirement that the parties be direct competitors still applies within the Ninth Circuit. *Jack Russell* requires that a plaintiff plead an injury that is "harmful to [its] ability to compete with the defendant," and it affirmed dismissal of a Lanham Act claim because the parties were not competitors. 407 F.3d at 1037. Similarly, the *Southland Sod* court must allege a "direct diversion of sales from itself to defendant…" 108 F.3d at 1139.

Plaintiff's attempts to misdirect this Court as to the holding of *Lexmark* and the pleading requirements of *Coastal Abstract* cannot succeed. Under binding precedent, Plaintiff must plead direct competition with DoorDash to state a claim for "commercial advertising" for purposes of a Lanham Act claim. But Plaintiff did not attempt to plead direct competition in either the original or the Amended Complaint. Instead, knowing that it could not meet that burden, Plaintiff has argued that the requirement simply does not apply. But Plaintiff is wrong, and for that reason, its claim must fail.

### C. *Plaintiff Fails to Meet Its Remaining Heightened Pleading Burdens*

In addition to its failure to plead direct competition with DoorDash, Plaintiff independently dooms its Lanham Act claim by failing to meet its pleading burden with respect to the remaining elements of the claim. As discussed in DoorDash's opening brief, Plaintiff has failed to plead with specificity as required by Rule 9(b) that: DoorDash made false statements; DoorDash engaged in "commercial speech" to influence consumers to buy *its* product; the alleged statements actually deceived or had a tendency to deceive consumers; or sufficient injury.

#### i. *Plaintiff fails to plead the existence of false statements with any specificity.*

Plaintiff provides this Court with a litany of cases regarding its pleading burden with respect to the

existence of a false statement. (Opp'n at 9-10.) But each case reinforces DoorDash's argument by requiring that Plaintiff plead *with specificity* that DoorDash made false statements. Holding Plaintiff to this requirement is not, as Plaintiff asserts, "nit-picky" or "out-of-context." (*Id*. at 11.) It is legally necessary.

Plaintiff claims that "DoorDash made two literally false statements and one statement that was true but likely to mislead consumers." (Opp'n at 10.) DoorDash addresses these statements in turn. Plaintiff claims that DoorDash represented that Lona's was "closed" when it was in fact open, and that it was "unavailable" for pick-up orders, and that such statements were "literally false." (*Id*. at 10-11.) Plaintiff notes that because the Court must assume literal falsity of the first two statements for purposes of a motion to dismiss, Plaintiff need not plead actual deception, as it is presumed. (*Id*. at 10.) But even assuming actual deception, Plaintiff has not met its pleading burden with respect to these statements alleged to be "literally false," as the Amended Complaint still does not state the "who, what, where, when, and how" of the purportedly false statements. *See e.g.*, *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1153 (N.D. Cal. 2019) (Lanham Act claim dismissed for failure to identify "when" or "where"); *TransFresh Corp. v. Ganzerla Assocs., Inc.*, 862 F. Supp. 2d 1009, 1019 (N.D. Cal. 2012) (Lanham Act claim dismissed for failure to allege "who specifically made these statements, when the statements were made, or to whom they were made").

With respect to the "closed" designation, the Amended Complaint states only that it appeared on "DoorDash's landing page for Lona's." Am. Compl. ¶ 17. Without more, DoorDash has no means of knowing whether Plaintiff refers to DoorDash's app or its website. Plaintiff's new assertions in its opposition that the statement appeared on DoorDash's website, and that Plaintiff's own posting on Facebook makes it "self-evident" that the statement appeared on DoorDash's platform in June 2020 (Opp'n at 11), need not be assumed as true for purposes of this motion. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (courts need not take into account additional facts asserted in a memorandum opposing a motion to dismiss, as such briefs are not "pleadings" under Rule 7(a)). Moreover, Plaintiff still fails to assert in its Amended Complaint "to whom [the statement was] made." *TransFresh Corp.*, 862 F. Supp. 2d at 1019. And Plaintiff's multiple other deficiencies could not save the claim even if Plaintiff could rectify these factual issues.

5

With respect to the "unavailable for pick-up orders" designation, Plaintiff fares even worse. Once again, Plaintiff does not specify where on DoorDash's platform the statement appeared or, more specifically, *when* it appeared. The screenshot on which Plaintiff relies is undated and contains no DoorDash branding, and Plaintiff's assertion that it was taken on November 11, 2020 not only predates the Amended Complaint by several weeks but also is unaccompanied by any affidavit or declaration authenticating the screenshot. *Postier v. Lousiana-Pacific Corp.*, 2009 WL 3320470, at *7 (N.D. Cal. Oct. 13, 2009) (documents included in a complaint may be considered in ruling on a Rule 12(b)(6) motion only if no party contests their authenticity).

Finally, Plaintiff takes issue with the alleged statement on DoorDash's platform that Lona's was "unavailable" for delivery services as "too far away." (Opp'n at 12; Am. Compl. ¶¶ 21-26.) More deficiencies exist here, as Plaintiff does not specify—or even allege—when the alleged statement was made, where on DoorDash's platform it appeared, who saw it, or how it deceived or could have deceived consumers.

In short, Plaintiff has not rectified its deficiencies with respect to pleading "false statements," and its Lanham Act claim therefore cannot stand.

### ii. The purported statements were not made within "commercial advertising."

The parties agree that Plaintiff must plead that DoorDash's statements constituted commercial speech. But for numerous reasons, they are not. Plaintiff misconstrues *Ariix, LC v. Nutrisearch Corp.*, 2018 WL 1456928, at *4 (S.D. Cal. Mar. 23, 2018) as requiring that it "need only allege that the 'speech [does] no more than propose a commercial transaction.'" (Opp'n at 14.) That is *not* what the *Ariix* court held. Rather, it noted that "[t]he Supreme Court relied on three factors to determine whether statements amounted to commercial speech: whether they were in an advertising format, whether they referred to a specific product, and economic motivation for publication." *Id.*, citing *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66-68 (1983).

As discussed in DoorDash's opening brief, the alleged statements at issue were *not* in an advertising format, as they would have been viewable only by DoorDash customers who attempted to place an order for food from Plaintiff and then complete that transaction. (Mot. at 17.) And Plaintiff's

last-ditch effort to argue that DoorDash's entire website constitutes an advertisement (Opp'n at 22) is not supported by the facts of this case or, notably, a single case cited by Plaintiff or identified by DoorDash.

Second, Plaintiff has not sufficiently alleged that the purported statements were made to influence customers to purchase DoorDash's services. In *Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 591 (N.D. Cal. 2019), the court dismissed a false advertising Lanham Act claim for failing to meet this element where the plaintiff alleged that the statements at issue influenced consumers' decisions regarding purchase of the plaintiff's products, *not* those of the defendant. And Plaintiff does not even attempt to distinguish *Alfasigma*, arguing with no basis instead that the decision should be limited only to defendants "merely listing information in a database and [] not actually selling a related service." (Opp'n at 15.) Nothing in the *Alfasigma* decision suggests the holding should be so limited. The Lanham Act claim failed in *Alfasigma* for the same reason it should fail here: because at most, the purported statements on DoorDash's platform influenced customers' purchasing decisions as to Lona's product, not as to DoorDash's services.

Finally, Plaintiff's argument that the alleged misrepresentations were widely disseminated is unavailing. Unlike the statements on the defendant's website in *Sigma Dynamics, Inc. v. E.Piphany, Inc.*, 2004 WL 2648370, at *2 (N.D. Cal. Jun. 25, 2004), the representations with which Plaintiff takes issue did not appear on DoorDash's website for any potential customer to view. Instead, taking Plaintiff's assertions as true only for the purposes of this motion, and as discussed above, the alleged misrepresentations appeared only after a potential customer had clicked through multiple screens to land on a final checkout page. (Am. Compl. ¶¶ 21-23.) Rather, the facts here are analogous to those in *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2016 WL 2621872, at *5 (N.D. Cal. May 9, 2016), where the court found that a "few isolated comments made with respect to a few customers . . . cannot plausibly allege sufficient dissemination to the purchasing public." Thus, Plaintiff's attempt to show that the statements were widely disseminated fails, and Plaintiff cannot show that alleged misrepresentations were made in a commercial advertisement.

### iii. Plaintiff does not sufficiently allege that the purported statements actually deceived or had a tendency to deceive customers.

As addressed in DoorDash's opening brief (Mot. at 19-20), Plaintiff must plead with specificity

that the statements at issue actually deceived or had a tendency to deceive consumers. Aside from its argument in connection with whether the purported statements constitute "commercial advertising," Plaintiff does not address this element of its Lanham Act claim in its response. Given that DoorDash posited in its opening brief that Plaintiff would not be able to identify customers misled by the purported misrepresentation even if given the opportunity, Plaintiff's silence here is telling.

> ### iv. *Plaintiff fails to plead damages.*

It is black-letter law that damages are an element of a Lanham Act claim. *See Wells Fargo & Co. v. ABD Ins. & Fin. Serves., Inc.*, 758 F.3d 1069, 1071-72 (9th Cir. 2014). Yet in response to DoorDash's argument that Plaintiff has not pled damages adequately, Plaintiff bizarrely states that DoorDash's argument "is not the stuff of a motion to dismiss." (Opp'n at 9.) That is, of course, not the case. Damages are an element of a Lanham Act false advertising claim and must be sufficiently pled to avoid dismissal. *Lexmark* does not alter the elements of a Lanham Act claim or alter the requirement that Plaintiff must meet basic pleading standards. *Genus Lifesciences Inc.*, 378 F. Supp. 3d at 844 (applying, post-*Lexmark*, pleading requirements as established in *Coastal Abstract*).

As discussed above, Plaintiff cannot rely on its flawed reading of *Lexmark* with respect to a claim of damages. An allegation of injury by a non-competitor is insufficient in the Ninth Circuit. *Jack Russell*, 407 F.3d at 1037; *Southland Sod Farms*, 108 F.3d at 1139. And Plaintiff has provided nothing but conclusory assertions regarding loss of goodwill or reputation. (Mot. at 21.) Such conclusory allegations are insufficient. *In re Rubber Chem. Antitrust Litig.*, 2008 WL 5114326, at *1 (N.D. Cal. Dec. 4, 2008) (allegations of a general "loss of profits [and] loss of goodwill," are insufficient to allege a cognizable antitrust injury to "competition").

In summary: Plaintiff misconstrues *Lexmark*, concedes that *Coastal Abstract* is still the appropriate test for whether a defendant's statement constituted "commercial advertising," accuses DoorDash of relying on abrogated cases which are, in fact, still good law, and in no way meets its pleading burden with respect to its Lanham Act claim. This Court should deny the claim in its entirety and with prejudice.

## II. Plaintiff's FAL and UCL Claims Fail

Much like Plaintiff's Lanham Act claim, its FAL and UCL claims cannot stand. As a threshold

matter, the Court must dismiss these claims because they fall with the Lanham Act claim. Moreover, Plaintiff lacks standing to bring these claims, and its new allegations regarding Proposition 64 as passed in 2004 are wholly irrelevant. Plaintiff also fails to meet its pleading obligations under Rule 9(b). As such, these claims must fail.

### A. *Plaintiff's FAL and UCL Claims Fall With Its Lanham Act Claim*

Plaintiff does not dispute that if this Court dismisses its Lanham Act claim, it should also dismiss the FAL and UCL claims. (Opp'n at 16-17.) Instead, Plaintiff argues that "there are independent bases for a viable UCL claim that are separate and distinct from the false advertising allegations that form the basis for the Lanham Act claim." (*Id*. at 17.) But Plaintiff nowhere identifies what these "independent bases" are. Plaintiff also claims that its FAL and UCL claims are not "substantially congruent" to its Lanham Act claim. (*Id*.) But again, Plaintiff does not explain *why* the claims are not "substantially congruent."

Plaintiff does not provide these explanations because it cannot. Its FAL and UCL claims are premised on the same factual and legal allegations as its Lanham Act claim. And as such, all must fail.

### B. *Plaintiff Lacks Standing for Its UCL and FAL Claims*

Plaintiff bases its claim that it has standing to bring UCL and FAL claims on Proposition 64, a 2004 ballot measure that altered standing requirements for UCL and FAL claims. But what Plaintiff fails to tell this Court is that the purpose of Proposition 64 was to "materially curtail" and "substantially revise" the standing requirements of the UCL and FAL, thereby making it *more* difficult for a plaintiff to assert standing. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011). "The intent of this change was to confine standing to *those actually injured by a defendant's business practices* and to curtail the prior practice of filing suits on behalf of 'clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant…'" *Id.* at 321 (emphasis added) (citing *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 227-28 (2006)).

In other words, following Proposition 64, to establish standing to bring FAL or UCL claims, a plaintiff must allege that it was injured by its own reliance on the defendant's purported

misrepresentations. *Clorox Co.*, 398 F. Supp. 3d at 646 (granting motion to dismiss a FAL claim because plaintiff's allegations were not relied on by plaintiff personally); *L.A. Taxi Cooperative, Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 866-67 (N.D. Cal. 2015) ("because Plaintiffs do not plead their *own* reliance on [defendant's] allegedly false advertising, they lack standing to seek relief under the UCL's fraud prong."). This requirement is not one "grafted on" by DoorDash (Opp'n at 20); indeed, Plaintiff concedes that it "is certainly true with respect to certain types of claims." (*Id.*) And here, Plaintiff has not claimed that it used DoorDash's services, was convinced to take action by DoorDash's purported false statements, or that it has had any business dealings with DoorDash. In other words, Plaintiff is the precise type of complainant whose standing Proposition 64 eliminated.

Plaintiff alleges that other courts within the Ninth Circuit have allowed FAL and UCL claims to proceed under "similar circumstances where the conduct at issue was directed to the public at large" (*id.* 17) or where the alleged actions "have had an impact upon the competitive landscape as a whole." (*Id.* at 20, citing *Levitt v. Yelp! Inc.*, 2011 WL 13153230, at *7 (N.D. Cal. Mar. 22, 2011)). But the cases cited by Plaintiff are entirely distinguishable.[1] In *LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.*, 2019 WL 160335, at *12 (N.D. Cal. Jan. 10, 2019), the court found that the plaintiff met the Proposition 64 injury standard because it had made tangible allegations of a decrease in business value. By contrast, Plaintiff here provides no detail as to competitive harm, arguing only that it "sustained economic loss in the form of lost revenues, business and goodwill…" (Opp'n at 17; *see also* Am. Compl. ¶¶ 53-82 (alleging general harm without definite examples)). And in *VP Racing Fuels, Inc. v. Gen Petroleum Corp.*, 2010 WL 1611398, at *2 (E.D. Cal. Apr. 20, 2010), the plaintiff explicitly alleged direct economic injury as a result of purchasing the defendant's product. Here, conversely, Plaintiff did not allege tangible harm or that it purchased any goods from DoorDash, and thus cannot show that it was directly injured by DoorDash as required by the UCL and FAL. (*See* Mot. at 23, 28.)

Finally, Plaintiff relies on *Levitt*, 2011 WL 13153230, at *7, claiming it is analogous to the

---

[1] A split exists among courts within the Ninth Circuit as to whether a UCL or FAL plaintiff must demonstrate injury from his or her own reliance as opposed to the reliance of third parties, as noted in *Allergan United States v. Imprimis Pharm., Inc.*, 2017 WL 10526121 (C.D. Cal. Nov. 14, 2017). But the Northern District is unified in holding that "a plaintiff must be able to allege its own reliance 'rather than the reliance of third parties.'" *23andMe, Inc. v. Ancestry.com DNA,* LLC, 356 F. Supp. 3d 889, 910-11 (N.D. Cal. 2018) (quoting *A White & Yellow Cab, Inc. v. Uber Techs., Inc.*, 2017 WL 1208384, at *8 (N.D. Cal. Mar. 31, 2017)).

circumstances here because the *Levitt* court found the plaintiffs had standing to bring FAL and UCL claims based on the defendant's presentation of information to the public, rather than directly to the plaintiff. But as with *VP Racing Fuels*, the *Levitt* court found that the plaintiffs had standing not because of conduct directed to the public, but rather because plaintiffs purchased advertising directly from the defendant and therefore alleged a concrete injury stemming from individualized reliance. That, of course, is not the case here, as Plaintiff admittedly never purchased anything from DoorDash.

There is no basis for Plaintiff to claim that it has standing to bring UCL and FAL claims. Proposition 64 undermines Plaintiff's argument, and it has not alleged, because it cannot, that its injuries stemmed from its own reliance on any statements by DoorDash. These claims must be dismissed.

### C. Plaintiff Has Not Met Its Rule 9(b) Pleading Burden for Its FAL and UCL Claims

As with its argument regarding its pleading burden with respect to its Lanham Act claim, Plaintiff again accuses DoorDash of "grousing" (Opp'n at 18)—apparently, because DoorDash cares too much about the Federal Rules of Civil Procedure. Plaintiff also accuses DoorDash of "not bothering to read the Amended Complaint at all." (*Id*.) But perhaps it is Plaintiff that did not read DoorDash's opening brief, as Plaintiff grossly misconstrues DoorDash's position as to Plaintiff's pleading.

DoorDash did not, of course, "assert[] that Plaintiff has not pled an 'untrue or misleading statement'" for purposes of its FAL and UCL claims. (Opp'n at 19.) Indeed, for purposes of its motion, DoorDash assumed that Plaintiff's allegations regarding DoorDash's purported false statements were true. Yet *even if* Plaintiff's allegations were true (*i.e.* DoorDash represented that Lona's restaurant was closed when it was actually open, and DoorDash represented that Lona's was "unavailable" to consumers when it was not) those bare-bones allegations still are not sufficient to meet the Rule 9(b) pleading standard.

Plaintiff does not deny that its FAL and UCL claims sound in fraud and are subject to the heightened pleading standard in Rule 9(b). (*Id.* at 18-20). Plaintiff instead argues that it has met the 9(b) standard because "[t]he time, place, and manner of the statements is either explicitly stated in the Amended Complaint or is obvious from the context." (*Id.* at 19). But as discussed above, Section I.C.1 *supra*, Plaintiff's allegations still fall short. *TransFresh Corp..*, 862 F. Supp. 2d at 1019 (dismissing a suit for failure to meet the 9(b) pleading standard because "[a]lthough the 'what' and the 'why' are alleged,

[plaintiff] does not include allegations identifying who specifically made these statements, when the statements were made, or to whom they were made."). Notably, in its Opposition, Plaintiff does not cite a *single* case where a court held that similar threadbare allegations, met the 9(b) pleading standard.

Finally, Plaintiff argues that its allegations regarding injury are sufficient to meet its heightened pleading obligations. (Opp'n at 18-20.) But Plaintiff's own response brief belies that assertion. As examples of sufficiently pled injury, Plaintiff cites to, and only to, the following:

- Am. Compl. ¶ 20: "Lona's lost business because of DoorDash's misrepresentation [that they were closed]…."

- Am. Compl. ¶34: "Defendant's conduct has an obvious, significant, and unfair impact upon the competitive landscape within the restaurant industry and results in damage to Plaintiff and members of the class."

- Am. Compl. ¶ 71: "Consumers relied on the representations by Defendant from which Defendant omitted material information as described herein, which in turn resulted in damage to Plaintiff and the class."

- Am. Compl. 78: "Defendant's misrepresentations and omissions alleged herein caused Plaintiff and the other Class members to suffer damages to their business operations in that customers seeking their products were instead improperly steered to other Partner Restaurants…."

(*Id*. at 20). These allegations provide no specificity as to how Plaintiff was injured, what sort of damage it incurred, or the amount of that damage. *Reed v. Clear Recon Corp.*, 2019 WL 1082502, at *8 (N.D. Cal. Mar. 7, 2019) (dismissing fraud-based claim because not all elements of the claim were pled with particularity as required by Rule 9(b)). Plaintiff's UCL and FAL claims must fail as a result of these pleading deficiencies.

### III. Plaintiff Is Not Entitled To Injunctive Relief

Finally, Plaintiff argues that it is entitled to injunctive relief because "the problem of showing it out of range persists on [DoorDash's] mobile app platform as of November 11, 2020." (Opp'n at 23.). Plaintiff also claims that if "a customer wanted to order takeout from Lona's…[s]he would Google 'Lona's' and 'takeout' and then click on the first result. That result…would inform the customer that Lona's was closed." (*Id*. at 1.) Neither of these assertions is true, and given that they are either unsupported by a declaration or contained only within Plaintiff's response brief and not its Amended

Complaint, this Court need not give them any weight.

Indeed, Plaintiff concedes that it "allege[s] past conduct that appears to have been remedied." (Opp'n at 23.) Plaintiff's assertion, then, that DoorDash has an "inability to competently" "stop the challenged conduct," strikes hollow. (*Id.*). And because DoorDash already has rectified the challenged conduct to the extent it occurred to begin with, the possibility of any repeated violations is simply speculative.

The case on which Plaintiff relies in support of its argument, *Buckeye Tree Lodge and Sequoia Village Inn, LLC v. Expedia, Inc.*, 2019 WL 1170489 (N.D. Ill. Mar. 13, 2019), is procedurally inapposite, as it evaluates a motion to certify a class, not a motion to dismiss. But the *Buckeye Tree Lodge* court also noted that injunctive relief may not be appropriate if a defendant's remedial actions are "genuine, irrefutably demonstrated, and comprehensive." *Id*. at *2 (citing *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986)). Here, DoorDash has irrefutably demonstrated that injunctive relief is not necessary by removing Lona's from its website searches entirely.

Further, even giving Plaintiff the benefit of the doubt that DoorDash maintained a landing page for Lona's on its platform until November 11, 2020, Plaintiff cannot demonstrate that these violations would likely reoccur. DoorDash will not re-add Plaintiff to its platform; this case therefore is analogous to the circumstances at issue in *Deitz v. Comcast Corp.*, 2006 WL 3782902, at *3 (N.D. Cal. Dec. 21, 2006), where the court held that the plaintiff "has not demonstrated there exists a definitive likelihood that he will once again" have dealings with the defendant. *See also Williams v. Apple Inc.*, 449 F. Supp. 3d 892, 906 (N.D. Cal. 2020) (plaintiffs failed to show a "real and immediate threat of repeated injury" and thus the UCL and FAL claims for injunctive relief were dismissed).

Here, there simply is no real and immediate threat of repeated injury to Plaintiff. Plaintiff has conceded that DoorDash already has taken remedial action, and any accusations to the contrary are unsubstantiated. For that reason, Plaintiff is not entitled to injunctive relief on its FAL and UCL claims.

## CONCLUSION

Plaintiff has not stated a claim under the Lanham Act, the FAL, or the UCL; it lacks standing to bring FAL and UCL claims; and it cannot seek injunctive relief its FAL and UCL claims. For the reasons discussed above and in DoorDash's opening motion, DoorDash respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

Dated: January 5, 2021

Respectfully submitted,

/s/ *Ruby H. Kazi*
Ruby H. Kazi (CA 243872)
Lily A. North (CA 260709)
Benesch, Friedlander, Coplan & Aronoff LLP
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Telephone: 628.600.2250
Facsimile: 628.221.5828
rkazi@beneschlaw.com
lnorth@beneschlaw.com

Emily N. Dillingham (*pro hac vice*)
Lauren C. Tortorella (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
edillingham@beneschlaw.com
ltortorella@beneschlaw.com

Counsel for Defendant DOORDASH, INC.