James J. Rosemergy (*pro hac vice*)
CAREY, DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tele: 314-725-7700
Direct: 314-678-1064
Fax: 314-721-0905
jrosemergy@careydanis.com

*(additional counsel following signature page)*

*Attorneys for Plaintiff*

Emily N. Dillingham (*pro hac vice*)
Lauren C. Tortorella (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
edillingham@beneschlaw.com
ltortorella@beneschlaw.com

*(additional counsel following signature page)*

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LONA'S LIL EATS, LLC, on its own behalf and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>DOORDASH, INC.,<br><br>      Defendant. | Case No.: 3:20-cv-06703-TSH<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER** |

Page **1** of 13

No.: 3:20-cv-06703-TSH                Joint Case Management Statement

The parties to the above-entitled action jointly submit this AMENDED[1] JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

Jurisdiction in this matter is based primarily upon 28 U.S.C. § 1331 in that this cause of action arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court also has supplemental jurisdiction over the state law claims arising out of the same conduct that forms the case and controversy at issue pursuant to 28 U.S.C. § 1367. Service has been effectuated, and neither jurisdiction nor service are being contested in this matter. *See* ECF No. 34 ¶ 6.

2. Facts

DoorDash is a technology company that provides a web-based platform connecting consumers to restaurants. Customers place orders with restaurants through DoorDash's platform; DoorDash then connects those restaurants with third-party delivery service providers, who pick up orders and deliver them to the customers. DoorDash's platform lists both "Partner Restaurants," with which it has contractual agreements, and non-partner restaurants.

Plaintiff alleges that DoorDash does not merely "list" the non-partner restaurants on its website and application. Instead, for these non-partner restaurants, Plaintiff alleges DoorDash creates webpages and app sites that appear legitimate and, thus, DoorDash affirmatively represents to consumers that those non-partner restaurants have some affiliation with DoorDash. Plaintiff further alleges that these unauthorized webpages, which are prioritized on search results, represent that the non-partner restaurants are closed, cannot deliver to them, or are not accepting

---

[1] The Parties submitted their initial Joint Case Management Report on February 11, 2021. *See* Dkt. 37.

orders at the time—even when they are open, can deliver to them, and/or are accepting orders. Plaintiff alleges that DoorDash then redirects the consumers to its partner restaurants. Plaintiff thus alleges that DoorDash has steered would-be consumers away from Plaintiff and other non-partner restaurants. Plaintiff further alleges that as a result of DoorDash's misrepresentations and conduct, it and other similarly situated restaurants have been damaged, and continue to be damaged, in the form of lost revenue and goodwill and suffered other related harm.

DoorDash disagrees with Plaintiffs' assertions regarding non-partner restaurants. DoorDash did in the past on occasion create pages on its website and mobile application for non-partner restaurants, but it facilitated the placement and delivery of orders for non-partner restaurants just as it did and does for partner restaurants.  DoorDash did not affirmatively represent that it had any contractual relationship with any non-partner restaurant.  DoorDash did, at some point during the COVID-19 pandemic, identify some restaurants, including both partner and non-partner restaurants, as "unavailable," "closed," or "too far away."  DoorDash denies that non-partner restaurants were damaged in the form of lost revenue and goodwill; rather, non-partner restaurants received revenue via orders facilitated by DoorDash even absent a contractual relationship.

3. <u>Legal Issues</u>

From Plaintiff's perspective, the primary legal issues present in the case, i.e., whether or not Defendant's conduct may form the basis of a cause of action, have already been decided by this Court in denying Defendant's motion to dismiss, as noted below. The primary remaining legal issue has to do with an appropriate remedy for this conduct.

DoorDash disagrees with Plaintiff's position.  Plaintiff has pled claims for violations of the Lanham Act, the California Fair Advertising Law, and the California Unfair Competition

Law.  DoorDash is confident that discovery will result in a summary judgment ruling on these issues in favor of DoorDash.  It is DoorDash's position that Plaintiff has not been damaged and that no remedy is needed.

4. Motions

Defendant filed a Motion to Dismiss Plaintiff's original Complaint. ECF No. 21. In response, Plaintiff submitted an Amended Complaint. ECF No. 26.  Defendant moved to dismiss that Complaint as well. ECF No. 29.  Following briefing on Defendant's Motion, the Court denied the motion to dismiss in its entirety. ECF No. 32.

Plaintiff intends to file a motion for class certification pursuant to the schedule set forth below.  DoorDash intends to file a motion for summary judgment pursuant to the schedule set forth below.

5. Amendment of Pleadings

While amendments to the pleadings are not expected, they are possible. Accordingly, a deadline for amendments to the pleadings is included in the schedule proposed herein.

6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Court has entered a stipulated ESI Order in this case. ECF No. 44.

7. Disclosures

Both Plaintiff and Defendant have made their Initial Disclosures as required by Rule 26(a)(1).

8. Discovery

Plaintiff served its first set of requests for production of documents and first set of interrogatories on February 26, 2021. In an effort to streamline the exchange of information prior to mediation, Plaintiff offered that DoorDash could provide informal responses to a subset of the requests that were crucial to mediation efforts. DoorDash declined. Instead, it assured Plaintiff that it would "provide full and complete answers to your requests." Near the expiration of the 30-day time to respond, however, DoorDash then requested a 30-day extension, and Plaintiff agreed to give DoorDash a two-week extension to make written responses to Plaintiff's requests and a 30-day extension of time for DoorDash to produce documents. DoorDash later requested a meet and confer to better understand the scope of Plaintiff's requests to which it wished to received pre-mediation responses. The parties agreed that by April 14, 2021, DoorDash would provide full responses to a limited subset of Plaintiff's requests that were important to mediation and settlement efforts, and that Doordash would produce documents by April 30, 2021. DoorDash served its written responses to the agreed-upon subset of Plaintiff's requests on April 19, 2021. On May 3, 2021, DoorDash made a limited, partial production of 126 documents.

One October 4, 2021, as settlement negotiations began to falter, Plaintiff requested that DoorDash respond to the remaining interrogatories and make a full production of documents in 30 days, which will be on November 4, 2021.

DoorDash served Plaintiff with requests for production, requests for admission, and interrogatories on March 1, 2021. Plaintiff served written responses on April 14, 2021, and produced documents on April 30, 2021, pursuant to the agreement of the parties.

The Court entered a stipulated ESI Order at ECF No. 44.

The Court also entered a stipulated Protective Order at ECF No. 43. The Order recognizes that only materials that properly qualify for protection under Rule 26(c) protection should be marked confidential or highly confidential. *See, e.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up) ("Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents."); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (noting that a party must meet the "compelling reasons standard" to seal a judicial record).

A schedule for the completion of discovery is contained herein. The parties do not anticipate any need for a departure from the normal discovery rules at this time.

9. Class Actions

Plaintiff does bring this action on behalf of a putative class. This case in maintainable as a class action under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3), as Plaintiff seeks damages and injunctive relief on behalf of the following class:

> All restaurants, entities, and/or individuals with any ownership interest in such restaurants or entities, in the United States who do not do business with Defendant DoorDash but who nevertheless have a landing page on a DoorDash website and/or within its mobile app.
>
> Excluded from the Class are: (a) Defendant and any entities in which Defendant has a controlling interest; (b) Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant; (c) All current employees of Defendant; (d) The Judge(s) to whom this case or any transferred case is assigned and any

member of the Judges' immediate family and any other judicial officer assigned to this case or any transferred case; (f) All governmental entities; and (g) anyone who makes a timely election to be excluded from the Class.

As detailed in the Complaint, ECF No. 26, Plaintiff alleges that DoorDash engaged in a uniform pattern of creating fake webpages for restaurants that are *not* DoorDash partners, which resulted in fake webpages for hundreds or thousands of non-partner restaurants. Plaintiff alleges that on these fake webpages, DoorDash affirmatively represents to consumers that those non-partner restaurants have some affiliation with DoorDash, but then indicates that those restaurants are closed, cannot deliver to them, or are not accepting orders at the time—even when they are open, can deliver to them, and/or are accepting orders.

Plaintiff alleges that, as a result, Plaintiff and other non-partner restaurants lost sales and profits due to DoorDash's unlawful acts. Plaintiff alleges that DoorDash's unlawful misrepresentations persist, and, as a result, Plaintiff and members of the putative class are entitled to injunctive or other equitable relief.

DoorDash disagrees with Plaintiff's characterization of the facts at issue and disputes that class certification is proper. While DoorDash did at some point in the past create landing pages on its platform for some non-partner restaurants, it facilitated fulfillment of orders for non-partner restaurants just as it did for partner restaurants. To the extent that restaurants, including non-partner restaurants, were designated as "closed," "unavailable," or "too far away" at points during the COVID-19 pandemic, there are individualized issues of fact as to whether non-partner restaurants were so designated at any point, why they were so designated, if and whether they were damaged, if and whether they benefitted financially from the fulfillment of orders placed through DoorDash's platform, the extent of any alleged damages, and the extent of any financial benefit, among other issues.

A proposal for briefing of the class certification issue is contained herein.

10. Related Cases

The parties are not aware of any other related cases that have been filed against this Defendant alleging like conduct.

11. Relief

Plaintiff seeks an amount fair and reasonable to compensate it for its losses as alleged in the Complaint, based upon revenue and goodwill lost as a result of Defendant's unlawful conduct, and seeks like amounts on behalf of the Class it seeks to represent, including any available statutory damages or multipliers. Plaintiff also seeks equitable and injunctive relief including an order requiring Defendant to remedy the situation upon terms as are just.

Plaintiff also seeks punitive and/or exemplary damages in an amount sufficient to punish and deter Defendant from future like conduct, in an amount to be determined by a jury.

DoorDash disputes that Plaintiff and putative class members are entitled to any damages for loss of revenue and goodwill, punitive or exemplary damages, or equitable or injunctive relief.

12. Settlement and ADR

The parties attended two mediation sessions with the Hon. Judge Walsh of JAMS on June 24 and August 10, 2021, via Zoom. While the sessions were productive, they did not resolve the matter. The parties then conducted direct negotiations until October 12, 2021. Those efforts also did not resolve the matter. The parties remain willing to continue direct negotiations or return to mediation so long as those efforts do not result in any delay in discovery.

13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   _X_  YES     ____ NO

14. Other References

The parties do not believe that any other references will be necessary in this matter at this time.

15. Narrowing of Issues

The parties respectfully submit that a determination of matters that could be streamlined via stipulation for trial or otherwise would be premature, given the relatively early stages of the case and the absence of discovery being exchanged. The parties will endeavor to streamline the litigation and presentations to the Court throughout the litigation to the extent possible as the opportunity presents.

16. Expedited Trial Procedure

The parties do not believe that this case is appropriate for handling via the Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling

The parties propose the following schedule in this matter, subject to the Court's availability:

1. Mediation completed on June 24 and August 10, 2021.
2. Amendments to the pleadings must be made by January 14, 2022
3. Class certification motion filed by July 15, 2022 (along with identification of Experts/Reports, if any)
    a. Response due August 12, 2022 (along with identification of Defense Experts/Reports, if any)

  b. Reply Due September 16, 2022 (along with identification of Rebuttal Experts/Reports, if any)

4. Experts, if necessary, to be deposed as follows:

  a. Plaintiff: July 29, 2022

  b. Defendant: September 2, 2022

  c. Rebuttal: September 30, 2022

5. Discovery closed September 16, 2022

6. Dispositive Motions filed by September 30, 2022

  a. Responses due October 28, 2022

  b. Replies Due November 18, 2022

7. Pre-trial Conference: Week of December 19, 2023

8. Trial: Week of January 23, 2022

18. <u>Trial</u>

 Plaintiff seeks a trial by jury on all counts and issues so triable.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

 All parties have filed their Certificate of Interested Entities or Persons as required by Civil Local Rule 3-15.

 Plaintiff is unaware of anyone other than the named parties and the members of the putative class with an interest in this litigation.

 Defendant identified the following entities in their Corporate Disclosure Statement:

- SVF FAST (CAYMAN) LIMITED, a private company that owns more than 10 percent of the outstanding stock of DoorDash, Inc., is affiliated with SoftBank Group Corp., a publicly held corporation.

- Entities affiliated with Sequoia Capital, a private company that owns more than 10 percent of the outstanding stock of DoorDash, Inc

20. Professional Conduct

All attorneys of record for the parties certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

Not applicable at this time.

Dated:                                              /s/ Steven A. Schwartz
                                                    _____
                                                    Counsel for plaintiff


Dated:                                              /s/ Emily N. Dillingham
                                                    _____
                                                    Counsel for defendant

| | |
|---|---|
| Francis J. "Casey" Flynn, Jr.<br>CA State Bar No. 304712<br>LAW OFFICE OF FRANCIS J. FLYNN, JR.<br>422 South Curson Avenue<br>Los Angeles, California 90036<br>Tele: 314-662-2836<br>Email: casey@lawofficeflynn.com<br><br>James J. Rosemergy (*pro hac vice*)<br>CAREY, DANIS & LOWE<br>8235 Forsyth, Suite 1100<br>St. Louis, MO 63105<br>Tele: 314-725-7700<br>Direct: 314-678-1064<br>Fax: 314-721-0905<br>jrosemergy@careydanis.com<br><br>Steven A. Schwartz (*pro hac vice*)<br>Zachary P. Beatty (*pro hac vice*)<br>CHIMICLES SCHWARTZ KRINER<br>& DONALDSON-SMITH LLP<br>361 W. Lancaster Ave.<br>Haverford, PA 19041<br>Telephone: (610) 642-8500<br>Facsimile: (610) 649-3633<br>steveschwartz@chimicles.com<br>ZPB@chimicles.com<br><br>*Attorneys for Plaintiff* | Ruby H. Kazi (CA 243872)<br>Lily A. North (CA 260709)<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>One Montgomery, Suite 2700<br>San Francisco, California 94104-4505<br>Telephone:  628.600.2250<br>Facsimile:    628.221.5828<br>rkazi@beneschlaw.com<br>lnorth@beneschlaw.com<br><br><br>Emily N. Dillingham (*pro hac vice*)<br>Lauren C. Tortorella (*pro hac vice*)<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>Telephone: 312-212-4949<br>edillingham@beneschlaw.com<br>ltortorella@beneschlaw.com<br><br><br>*Attorneys for Defendant* |

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE